MIZELL v. WEST.

5-1589                                314 S. W. 2d 216

Opinion delivered June 16, 1958.

*Johnston & Rowell,* for appellant.

*Robert A. Zebold* and *John Harris Jones,* for appellee.

J. SEABORN HOLT, Associate Justice. This litigation involves an oral lease of farm land. According to the evidence adduced by appellee West, he and appellant (Mizell) entered into an oral agreement whereby West (landowner) leased to Mizell for the year 1956, 108 acres of land to be planted to cotton and 70 additional acres for beans. It was agreed that Mizell would furnish all the necessary farm machinery and equipment and as lessee was to receive three-fourths (West one-fourth) of all cotton produced. Under this a g r e e m e n t Mizell farmed the land, properly and successfully, and at the end of the 1956 year West refused appellant's request for renewal of the lease for 1957 and additional years, and placed the land under the soil bank program. Appellant testified on the other hand that the oral agreement between him and West was for the lease of appellee's land for a period not only including 1956, but for several years thereafter. That the reason for a long lease was to enable Mizell (lessee) to pay for the additional farm equipment which would require several crop years. He further testified that it was his understanding that he (Mizell) was to have the land as long as he made

an average crop and wanted it. "A. . . . I hadn't discussed with Mr. West anything during the time he rented to me — he told me he was going to put it in the soil bank and work the rest himself — I was under the impression all the time that I was going to be there this year and continue on as long as I made an average crop on the place. Q. As far as you were concerned it was just going on as long as he owned the land? A. That is what he told me and the boys, as long as we wanted to work it. . . . Q. Did he ever offer to share the soil bank proceeds with you. A. No sir."

Appellant brought the present suit against West alleging: "That by reason of the defendant's breach of the aforesaid rental contract and his unlawful dispossession of the plaintiff from the aforesaid lands this plaintiff has suffered damage by reason of depreciation" of his equipment in the amount of $3,732.72 and "that by reason of loss of profits from farming the 108 acres of land hereinabove mentioned to cotton and the 50 to 70 acres of soybeans, this plaintiff has suffered damage in the sum of $7,250.00 or a total damage in the sum of $10,982.72," and prayed for a judgment in this amount. In an amendment to his complaint plaintiff further alleged: "That the Soil Bank payments under the contract will be in the approximate sum of Seven Thousand Five Hundred Dollars ($7,500.00), and that this plaintiff is entitled to receive three-fourths of said payment or the sum of Five Thousand Six Hundred Twenty Five Dollars ($5,625.00).

Wherefore, in addition to the prayer of the original complaint filed herein, plaintiff prays, in the alternative, that he have judgment against the defendant in the sum of Five Thousand Six Hundred and Twenty Five Dollars ($5,625.00) and for all other relief to which he may be entitled."

West answered with a general denial and in a cross complaint sought to recover from Mizell $450.00 alleged balance due on the 1956 rental, $300.00 for cotton alleged to have been abandoned by Mizell and left

in the field and $84 for tractor fuel used in seed bed preparation and planting, or a total of $834.00.

A jury trial resulted in a verdict for West on Mizell's complaint and a verdict in favor of Mizell on West's cross complaint. This appeal followed.

For reversal appellant relies on one point: "The trial court erred in instructing a verdict for the defendant, upon the claim of the appellant for a *pro rata* share of the soil bank payments, thereby refusing to recognize appellant as a third party beneficiary under the soil bank agreement."

The record reflects that Mizell requested only two instructions, which were given by the court, as follows: "1. If you find from a preponderance of the evidence in this case that the defendant, J. E. West, entered into an agreement with the plaintiff, E. E. Mizell, to rent him the lands involved in this case for the year 1956 and as many years thereafter as E. E. Mizell farmed the lands in a satisfactory manner, and you further find from a preponderance of the evidence that E. E. Mizell moved onto the lands and began the performance of such contract, and purchased equipment because of such a contract and repaired a house on the land to live in so that he could perform the contract, and if you further find that the defendant gave the plaintiff no notice that his work was unsatisfactory, or that he would not be able to farm the lands for the year 1957, then you will find for the plaintiff and fix his damages in an amount equal to the value of the lands to the plaintiff less the agreed rental under the contract. 2. If you find for the plaintiff you may consider, in determining the value of the lands to the plaintiff for the year 1957, the *pro rata* amount of the soil bank payments to which he would be entitled under the soil bank program of the federal government."

As we view the evidence these instructions fully and clearly covered appellant's theory of the case, and the jury found against him on substantial testimony. Obviously, the soil bank issue did not arise in the 1956

crop year, when appellant operated the leased land. It could only arise in subsequent years provided appellant's theory of the case had been sustained by the jury's verdict and, as indicated, it was not.

The record shows that the court gave appellee's requested instruction No. 9 on appellant's claim to a share in the soil bank payments, as follows: "You are instructed to find for the defendant upon the alternative claim of plaintiff for a portion of the soil bank payment," and appellant's objection is in this language: "To which action of the court, in giving to the jury, defendant's written requested instruction No. 9, the plaintiff at the time objected generally, his general objection was by the court overruled, and the plaintiff at the time asked that his exceptions be saved and duly noted of record, which is hereby accordingly done." It is thus apparent that appellant's objection was only general, not specific, and he did not offer any instruction to cover his alleged alternative claim for participation in the soil bank payment. It was his duty to present to the court an instruction on his theory of the case. "A party failing to request a definite instruction is in no position to complain that one was not given," *Wallace* v. *Riales*, 218 Ark. 70, 234 S. W. 2d 199; "Appellant can not complain that the trial court failed to give an instruction that was not asked by appellant," Headnote 6, *Ward Furniture Mfg. Co.* v. *Isbell*, 81 Ark. 549, 99 S. W. 845; "One who appeals cannot complain that the instructions of the lower court were incomplete if he made no effort to have the omissions supplied at the trial," Headnote 4, *White* v. *McCracken*, 60 Ark. 613, 31 S. W. 882.

Accordingly the judgment is affirmed.