POINDEXTER *v.* COLE.

5-3588                                                                 389 S. W. 2d 869

Opinion delivered May 17, 1965.

*Lester E. Dole, Jr.,* for appellant.

*Gaughan & Laney,* for appellee.

FRANK HOLT, Associate Justice. This litigation involves approximately one-eighth of an acre of unimproved rural land. The appellants filed a petition for an affirmative injunction seeking to compel the appellee to remove from this land a fence that he had allegedly erected upon the lands. The appellants also sought recovery for damages caused by appellee's trespass. Appellants claimed ownership by virtue of legal conveyance and adverse possession. The chancellor found "that the plaintiff [appellants] has title to a tract in his possession by reason of adverse possession, but the Court cannot enter a legal description as to the lands involved." The chancellor decreed that appellants had title to the land but did not order removal of the fence nor make an award of damages.

On appeal appellants contend for reversal that the chancellor should have awarded damages and ordered appellee to remove the fence. A careful review of appellants' evidence reflects that no legal description of the disputed property was ever established by a metes and bounds description or by the existence of a recorded plat.

As to the plat relied upon by appellants, the circuit clerk and recorder of Ouachita County testified that she searched the records for a plat called McCluskey Addition to the Town of Ogemaw and found no record of such a plat. Appellants' brief includes a diagram of the property in question, however, the sketch was never introduced into evidence nor made an exhibit to any of the testimony. Therefore, we cannot consider it on appeal. The burden was upon the appellants to demonstrate to us that the trial court was in error. This they have not done. Certainly we cannot say that the chancellor's finding that no legal description was established is against the preponderance of the evidence. As to damages, the appellants' proof is also deficient because it is speculative.

Since we affirm, it becomes unnecessary for us to consider appellee's contention that appellants failed to "seasonably file and docket the appeal". The decree is affirmed without prejudice to the right of appellants in

any further proceedings in this cause to establish by competent proof the boundary lines of the property in dispute by a legal description.

Affirmed and remanded.