## Blanche L. WAGANER *v.* THE TRAVELERS INSURANCE CO.

CA 80-22

601 S.W. 2d 277

Court of Appeals of Arkansas
Opinion delivered July 9, 1980

*Warner & Smith*, by: *James M. Dunn*, for appellant.

*Jones, Gilbreath & Jones*, by: *Robert L. Jones, Jr.*, and *Mark A. Moll*, for appellee.

DAVID NEWBERN, Judge. This case presents the question whether a trial judge may honor the request of jurors that an

exhibit which contains a portion of an instruction be given to them without giving them all of their instructions. We have found no Arkansas cases which deal with this specific problem. However, we were able to say the case should be reversed because we find the trial judge's act in giving the jurors part of an instruction contained in an exhibit had the effect of placing undue emphasis upon that portion, and emphasis of that sort has been held to constitute error.

The appellant was insured against long-term disability by the appellee. She presented evidence showing she had become disabled at least to the extent she could no longer perform the job she had held since the inception of the policy. The appellee had made periodic payments on the claim for a time but had ceased making the payments, whereupon the appellant brought this suit.

At the close of the evidence the court gave instructions, including Instruction No. 2, as follows:

### INSTRUCTION No. 2

I have just read to you from the insurance policy the definition of "total disability." I would again like to read to you that part of the definition of "total disability" in question today. "The term 'total disability' as used herein, means the complete inability of an employee to engage in any and every duty pertaining to any occupation or employment for wage or profit for which the employee is or becomes reasonably qualified by training, education or experience." "Total disability" as defined by the policy does not mean a state of absolute helplessness. It means that if there are any substantial and material acts necessary to be done, pertaining to plaintiff's occupation, that she could not perform in the usual and customary manner, she would be totally disabled within the meaning of the policy.

After the jury had retired, the jury foreman reentered the courtroom in the presence of the judge and counsel, but in the absence of the court reporter. Although there is no record of the language used by the foreman, it is clear he requested a

definition of "total disability." Although the appellant's brief refers to the request as being one for a definition of "total disability," without more, the record shows the appellant's counsel in objecting to what then transpired said:

> Comes the plaintiff Blanche Waganer and states that during the course of jury deliberation the foreman of the jury came into open Court and requested that they be furnished the definition of "total disability" *as defined by the insurance policy*, . . . [Emphasis supplied.]

The appellee agrees this was the request made by the foreman. Thus, we may assume the jurors wanted the language of the policy and did not specifically ask for any instruction which had been given by the court.

To this request the court responded by giving the jury a copy of the insurance policy which had been made an exhibit in the proceeding. Despite our assumption that the jury was requesting an exhibit rather than an instruction, it is clear the jury was furnished a portion of Instruction No. 1 in which the judge had quoted more extensively that portion of the policy dealing with "total disability."

Ark. Stat. Ann. § 27-1732.1 (Repl. 1979), requires the judge to deliver a typewritten copy of the instructions to the jury when all parties request it. The judge may deliver the instructions to the jury, within his discretion, whether they are requested or not. *Gambill* v. *Stroud*, 258 Ark. 766, 531 S.W. 2d 945 (1975). When the court gives its instructions to the jury, it should do so in a manner that does not emphasize one instruction over others. *St. Louis Iron Mountain and Southern Railway Company* v. *Reed*, 88 Ark. 454, 115 S.W. 150 (1908). The same principle should apply, of course, with respect to a portion of an instruction. In this case by giving the jurors a copy of the insurance policy, from which the court had quoted in its instructions, the jury had placed before it the definition of "total disability" contained in the policy but not the explanation of that definition given by the judge just after he had quoted it in his instructions. This clearly had the effect of emphasizing one part of the instruction(s) at the expense of

another part. On the general matter of improper emphasis in giving instructions, in addition to the *Reed* case, *supra*, see, *Rutland* v. *P. H. Reubel and Company*, 202 Ark. 987, 154 S.W. 2d 578 (1941), and *Wright* v. *Covey*, 233 Ark. 798, 349 S.W. 2d 344 (1961).

In its attempt to distinguish the *Reed* case, the appellee points out that the jury did not receive instructions more than one time in this case, whereas in *Reed* the court had reread a particular instruction. The distinction fails because the exhibit given to the jury in this case did contain a portion of an instruction. Additionally, the appellee contends the appellant's argument that it does not matter whether the jury requested an exhibit or an instruction is illogical because it suggests the trial court has the power to supply the jury with information he deems more pertinent or significant than that requested by them. As noted above, the trial court may, within its discretion, give the instructions to the jury regardless whether they are requested. We cannot say we would have reversed had the court reread only Instructions 1. and 2., but the better practice would have been for the court to have given a complete set of typewritten instructions to the jury when it became apparent the jury would have before it, in writing, a portion of an instruction.

Because we must reverse on this point, we need not decide the issue raised in the appellant's second argument which dealt with refusal of the judge to instruct the jury that it should construe the insurance policy in favor of the insured and against the insurance company.

Reversed and remanded for a new trial.