Lonnie OLIVER *v.* STATE of Arkansas

CA CR 84-135                    687 S.W.2d 850

Court of Appeals of Arkansas
En Banc
Opinion delivered April 3, 1985

*William Simpson, Jr.,* Public Defender, by: *Arthur L. Allen,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Joyce Rayburn Greene,* Asst Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. The appellant was convicted in a jury trial of the offense of burglary and was sentenced to five years in the Department of Correction and assessed a fine of $1,000.00. We affirm.

Appellant's first argument is that the evidence was insufficient because it did not show intent to commit an act punishable by imprisonment.

A Little Rock policeman testified that in the early morning hours of October 9, 1983, he responded to an alarm call at Stephens School. After finding the doors on the east side of the building locked, he walked around a corner of the building and saw a pair of feet coming out of a window. He stepped back and watched a man, whom he identified as the appellant, climb out the window. The policeman called for the man to halt, but he started running, jumped two fences, raced through the neighborhood, and was finally taken into custody when found hiding on the back porch of a house about three blocks from the school.

The officer testified there was a security light in the area where the man climbed out of the window and that he could be clearly seen. There was testimony by the officer and school personnel that the window was in a room in which desk drawers and file cabinets had been opened, and things had been scattered all over the floor. The window had been broken, the wires to the alarm system had been cut, and a bicycle, identified by appellant's girl friend as belonging to him, was found near the broken window.

Burglary is committed by entering or remaining unlawfully in an occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002 (Repl. 1977). Under Ark. Stat. Ann. § 41-2001(1), a building where people

assemble for purposes of education is an occupiable structure regardless of whether it was occupied at the time of the crime.. *Barksdale* v. *State*, 262 Ark. 271, 555 S.W.2d 948 (1977). However, in *Norton* v. *State*, 271 Ark. 451, 609 S.W.2d 1 (1980), the court acknowledged that *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975), held that due process requires the prosecution to prove beyond a reasonable doubt every element of the crime charged; and the *Norton* opinion stated that specific criminal intent and illegal entry are both elements of the crime of burglary, and that existence of the intent cannot be presumed from a mere showing of the illegal entry. In *Norton* the conviciton of burglary was reversed because, "At most, the evidence revealed the appellant was standing inside the doorway of an office building which he had illegally entered and from which nothing was taken." So the appellant contends that since, in the instant case, nothing was taken from the school, there is no evidence that he intended to commit a crime punishable by imprisonment.

We think, however, there is evidence here, not present in *Norton*, that is sufficient to support a finding of the requisite intent. In *Golden* v. *State*, 10 Ark. App. 362, 664 S.W.2d 496 (1984), we said evidence that the appellant had rifled a secretary's desk and removed some Band-Aids after an illegal entry into the building was direct evidence of his intent to commit a misdemeanor theft which is punishable by imprisonment. And in *Jimenez* v. *State*, 12 Ark. App. 315, 675 S.W.2d 853 (1984), we held evidence that items had been wrapped in curtains torn from a living room window, and that dishes, glasses and silverware had been wrapped in towels and placed in a large pail was sufficient to support a finding that the appellant, who was arrested inside an unoccupied house he had broken into, intended to commit a theft punishable by imprisonment. The evidence here is somewhat similar to that in *Golden* and *Jimenez*.

In addition, in this case, there is evidence that the appellant fled from the police officer and *Norton* said, "We have consistently suggested that the flight of an accused to avoid arrest is evidence of his felonious intent." Furthermore, the evidence here is sufficient to establish criminal

mischief in the second degree, Ark. Stat. Ann. § 41-1907 (Repl. 1977), a class B misdemeanor punishable by not more than 90 days imprisonment in the county jail, Ark. Stat. Ann. §§ 41-901 and 41-902 (Repl. 1977). Of course, the jury's verdict was based largely upon circumstantial evidence, but it presented a question for the jury to determine. *Drew* v. *State,* 8 Ark. App. 120, 648 S.W.2d 836 (1983). On appeal we view the evidence in the light most favorable to the State, *Johnson* v. *State,* 7 Ark. App. 172, 646 S.W.2d 22 (1983), and when viewed in that light we find that the verdict is supported by substantial evidence.

Appellant's second argument is that a mistrial should have been granted because of a remark made during the prosecuting attorney's closing argument.

This is a matter that has been carefully considered in a number of cases. In *Phillips* v. *State,* 12 Ark. App. 319, 676 S.W.2d 753 (1984), we recognized that a prosecuting attorney's comment on the failure of the accused to testify violates the privilege against self-incrimination granted by the fifth amendment to the United States Constitution. *See Griffin* v. *California,* 380 U.S. 609 (1965) and *United States* v. *Hasting,* 461 U.S. 499 (1983). *Phillips* also discussed the Arkansas cases dealing with this issue and there is no need to reiterate that discussion here. The sum of the matter is that the prosecutor may not make any direct reference to the failure of the accused to testify but may argue the weight of the evidence and state that the testimony of a witness is uncontradicted; however, undue repetition of the fact that the evidence is uncontradicted or the use of language calculated to call the jury's attention to the failure of the accused to testify, will cause a mistrial or reversal. *See Moore* v. *State,* 244 Ark. 1197, 1209, 429 S.W.2d 122 (1968) and Hall, *The Bounds of Prosecutorial Summation in Arkansas,* 28 Ark. Law Rev. 55 (1974).

In this case the prosecutor said in his closing argument:

As we told you in voir dire and we went through this quite a bit and all during the trial we've got two elements that we've got to prove. Three if you count the

defendant being there and Officer Cullison said that was him. So let's make a little triangle here for the defendant and set him aside over here because Officer Cullison's testimony is unrefuted.

Counsel for appellant interrupted and at the bench, out of the jury's hearing, he objected on the basis that the prosecutor had made a comment on the defendant's not testifying, and counsel asked for a mistrial. The prosecutor responded by saying that the testimony of the officer was that he saw the defendant and that defense counsel could have asked on cross-examination whether Officer Cullison was mistaken about defendant's identity, but he did not. The prosecutor told the court that what he had said was a comment on defense counsel's cross-examination of the officer and the officer's testimony rather than on defendant's failure to testify.

We said in *Phillips:* "The prosecutor must be able to argue the weight of the evidence, including the fact that the witness' testimony was consistent and uncontradicted." And the Arkansas Supreme Court said in *Perry* v. *State,* 277 Ark. 357, 372, 642 S.W.2d 865 (1982):

> We are not in a position to know how the statement was delivered, with what inflections and emphasis, and are not able to see how the jury perceived it. The trial court has a broad latitude of discretion in supervising and controlling arguments of counsel and its decisions are not subject to reversal unless there is manifest abuse of that discretion.

In our case, the trial judge saw and heard the whole occurrence. The record shows that after the jury argument was completed, the judge went into chambers and listened to the tape of this matter. He obviously gave it careful consideration and we cannot say he erred in refusing to grant a mistrial.

The final argument made by appellant is that the court erred in refusing to allow the jury to take the written jury instructions into the jury room during its deliberations.

The record shows that after the jury had been instructed and closing arguments had been made, the court went into chambers with the attorneys to listen to the tape of the closing argument in order to pass upon the appellant's motion for mistrial as has been discussed above. After denying the motion for mistrial, the record discloses the following exchange between the court and counsel:

> THE COURT: If the State has no objection to it I will provide all of the instructions then to the jury.
>
> [PROSECUTING ATTORNEY:] Can we tear off the second part or — I am concerned about the one on the criminal trespass.
>
> THE COURT: Also on my instruction on breaking and entering that was just some cursory notes that I had made.
>
> [DEFENSE ATTORNEY:] I don't know that they need the penalty instructions since they have the verdict forms.
>
> THE COURT: I am going to change my mind. I am not giving them the instructions unless they request and then I will give them all of them.
>
> [PROSECUTING ATTORNEY:] In the meantime we can get some other ones up here changing or get a copy of criminal trespass as given.
>
> THE COURT: Right. We can cut that paragraph off of here if you want to.
>
> [DEFENSE ATTORNEY:] Your Honor, that is over my objections that you are not going to give the jury the instructions.
>
> THE COURT: All right. Bring the jury back in.

The appellant calls attention to Rule 33.3 of the Rules of Criminal Procedure which provides that it shall be the duty of the judge, upon request of counsel for any party, to deliver to the jury immediately prior to its retirement for deliber-

ation, a typewritten copy of the oral instructions read to the jury. Relying upon the case of *Parker* v. *State,* 270 Ark. 897, 606 S.W.2d 746 (1980), the appellant contends that the trial judge in the instant case committed reversible error by failing to give the jury the written instructions to take into the jury room. While *Parker* holds that it is prejudicial error for the court to fail to do this, when requested to do so, we think there are circumstances in the present case which prevent the rule in *Parker* from applying.

In the first place, it will be observed from the exchange between the court and counsel that the idea of sending the instructions into the jury room originated with the judge, and that defense counsel stated he did not think the jury needed the penalty instructions since they would have the verdict forms. In *Waganer* v. *Travelers Ins. Co.,* 269 Ark. 976, 601 S.W.2d 277 (Ark. App. 1980), the court was concerned with Ark. Stat. Ann. § 27-1732.1 (Repl. 1979), which contained provisions very similar to those in criminal procedure rule 33.3. In that case, the court held that it was reversible error to deliver instructions to the jury in a manner that emphasized one instruction over others. The court said, "The better practice would have been for the court to have given a complete set of typewritten instructions to the jury when it became apparent the jury would have before it, in writing, a portion of an instruction."

We think the principle of the *Waganer* case applies to the present case and that counsel for the appellant is not in a position to urge as error the court's failure to give the jury the written instructions when counsel himself suggested that the court not give all of the instructions to the jury. We also think it is significant that the next thing that occurred was the court's statement that he was changing his mind and was not going to give the instructions to the jury unless they requested them.[1]

---

[1]There is a court reporter's notation in the transcript to the effect that after the jury had deliberated for about an hour, the bailiff reported "the jury wanted the instructions which the Court refused to send back to the jury room." Although the note is ambiguous, it is clear that the request came too late for rule 33.3 to apply since the rule requires that the instructions must be delivered to the jury *prior to its retirement for deliberation.*

It is also apparent from the exchange between the court and counsel that there were notations on two of the instructions that the court felt should not be seen by the jury. While we do not know what the notations were, we must presume, at least in the absence of a record which demonstrates otherwise, that the court was correct in determining that they should not be seen by the jury. *Poindexter* v. *Cole*, 239 Ark. 471, 389 S.W.2d 869 (1965); *Haynie* v. *Dicus*, 210 Ark. 1092, 199 S.W.2d 954 (1947). In addition, it has long been the duty of counsel to prepare and submit to the court any instruction which counsel wants the court to give to the jury and that a party failing to do this cannot complain that the requested instruction was not given. *Mizell* v. *West*, 229 Ark. 224, 314 S.W.2d 216 (1958); *Bovay* v. *McGahhey*, 143 Ark. 135, 219 S.W. 1026 (1920).

We think the appellant had the duty of either offering to the court instructions that did not have notes on them or requesting that the court obtain "clean" instructions before the jury was allowed to begin its deliberations. The fact of the matter is that appellant's counsel never really requested that the instructions go to the jury. Under the circumstances of this case, we think the mere objection, made when the judge changed his mind, was not sufficient.

Affirmed.

CRACRAFT, C.J., GLAZE and CORBIN, JJ., dissent.

TOM GLAZE, Judge, dissenting. As criminal appeals go, this one is relatively simple. Rule 33.3 of the Arkansas Rules of Criminal Procedure and the case of *Parker* v. *State*, 270 Ark. 897, 606 S.W.2d 746 (1980), control the facts of this cause. I submit the special circuit judge's failure to follow Rule 33.3 as interpreted by the Supreme Court in *Parker* is clearly reversible error.

The judge's error concerns his failure to deliver typewritten instructions to the jury. Rule 33.3, in pertinent part, provides that upon request of counsel for any party, it shall be the duty of the presiding judge to deliver to the jury immediately prior to its retirement for deliberation, a

typewritten copy of the oral instructions given to the jury. In *Parker,* the Supreme Court held it is prejudicial error for the court to fail to do so.

Prior to the jury's deliberation in the instant case, the following discussion over jury instructions took place between the trial judge and counsel for the State and for the appellant:

> THE COURT: If the State has no objection to it I will provide all of the instructions then to the jury.
>
> MR. MONTGOMERY: Can we tear off the second part or — I am concerned about the one on the criminal trespass.
>
> THE COURT: Also on my instruction on breaking and entering that was just some cursory notes that I had made.
>
> MR. ALLEN: I don't know that they need the penalty instructions since they have the verdict forms.
>
> THE COURT: I am going to change my mind. I am not giving them the instructions unless they request and then I will give them all of them.
>
> MR. MONTGOMERY: In the meantime we can get some other ones up here changing or get a copy of criminal trespass as given.
>
> THE COURT: Right. We can cut that paragraph off of here if you want to.
>
> MR. ALLEN: *Your Honor, that is over my objections that you are not going to give the jury the instructions.*
>
> THE COURT: All right. Bring the jury back in.

Appellant's counsel objected and made it clear to the trial court that he wanted the instructions delivered to the jury. On its facts, the State's burglary case against appellant

was close, and the instructions regarding the lesser included offenses — breaking and entering and criminal trespass — were important alternatives for the jury to consider in this cause. The judge admittedly placed some "cursory notes" on his breaking and entering instruction, and these notes figured in his decision not to give the instruction to the jury. Of course, when appellant's counsel requested that the instructions be given to the jury, the court should have obtained clean copies or excised the notes from the instructions it had. Neither was done, and as a consequence, the trial court failed to comply with Rule 33.3. The entire colloquy between the court and counsel is set out above, and the majority's suggestion that appellant's counsel did anything to cause the trial judge's error is pure mythology.

In conclusion, I note that the majority places much emphasis on a civil case, *Waganer* v. *Travelers Insurance Co.*, 269 Ark. 976, 601 S.W.2d 277 (Ark. App. 1980) to support its decision. After reading *Waganer,* I can only say the State does not cite it, and in my opinion, the court in *Waganer* said nothing to diminish a trial judge's duty regarding the delivery of instructions pursuant to Rule 33.3.[1] In fact, the applicable civil statute in *Waganer* required the judge to deliver a typewritten copy of the instructions to the jury when *all parties* request it. Here, Rule 33.3 requires such instructions delivered when requested by *either party or the jury.* The record reflects that both the appellant and the jury requested the instructions, but the trial judge refused to deliver them — even when he previously had stated he would give the jury all of the instructions if it requested them. As both the trial judge and prosecutor had indicated, counsel and the court could have obtained clean copies of the instructions to give the jury upon its request. I believe the judge clearly erred in failing to

---

[1]In *Waganer,* this court reversed because the trial court gave the jury a copy of the insurance policy in question which emphasized a definition of a term contained in one of the instructions that the court previously had read to the jury. The court stated the better practice would have been for the trial court to have given a complete set of typewritten instructions. In any event, the jury here requested the instructions — not an exhibit as in *Waganer* — and under Rule 33.3, the judge was required to give all of them to the jury.

honor either the appellant's or jury's request that copies of the instructions be delivered to the jury.

I dissent.

CRACRAFT, C.J., and CORBIN, J., join in this dissent.