James Odis GOSSETT, Jr. *v.* STATE of Arkansas

CA CR 03-1419                                    191 S.W.3d 548

Court of Appeals of Arkansas
Division IV
Opinion delivered September 15, 2004

*David L. Dunagin*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case was charged with non-support, a Class-D felony. He pled guilty to that offense and received a six-year suspended imposition of sentence on September 18, 2002. As a condition of his suspension, appellant was ordered to pay arrearages in the amount of sixty dollars per week in addition to child support in the amount of fifty dollars per week as ordered by the court. He failed to make these payments as ordered, and a petition to revoke his suspension was filed. After a revocation hearing September 10, 2003, the trial court found that appellant violated the terms of his suspension by willfully failing to pay these amounts, and sentenced the appellant to six years' imprisonment, with an additional three years' suspended imposition of sentence. This appeal followed.

For reversal, appellant contends that the evidence adduced at trial was insufficient to support a finding that he violated the conditions of his suspended imposition of sentence. We affirm.

In revocation proceedings, the burden is on the State to prove by a preponderance of the evidence that the defendant has violated a condition of his suspension. *Jones v. State*, 52 Ark. App. 179, 916 S.W.2d 766 (1996). Where the sufficiency of the evidence is challenged on appeal from an order of revocation, we will not reverse the trial court's decision unless its findings are clearly against the preponderance of the evidence; in making our review, we defer to the superior position of the trial court to determine questions of credibility and the weight to be given to the evidence. *Id.*

In the present case, there was evidence that appellant was $20,000 in arrears, and that he had made only three fifty-dollar payments during the year following his conviction for non-support. There was also evidence that these payments were made only after appellant had been arrested and detained in Fort Smith, Arkansas, on charges of failure to pay child support. On February 10, 2003, appellant secured his release by posting a cash bond in the amount of $500. Appellant forfeited this bond by failing to appear in court as ordered. He was located through N.C.I.C. and arrested in the state of Washington on charges of failure to appear and non-support on April 23, 2003, and was extradited to Arkansas on August 2, 2003. Appellant testified at trial, asserting that he had been unable to make the ordered payments because he was unemployed and was unable to find work during the period in question.

We do not think that the trial court erred in declining to believe appellant's testimony. There was evidence that appellant was an able-bodied and skilled welder capable of earning a good wage. Although we recognize that a probationer cannot be punished by imprisonment solely because of a failure to pay restitution in the absence of a determination that the failure to pay is willful, a defendant's failure to make bona fide efforts to seek employment or to borrow money to pay restitution may justify imprisonment. *Jordan v. State*, 327 Ark. 117, 939 S.W.2d 255 (1997). Here there was evidence that appellant was able to quickly raise $500 to secure his release from jail following his arrest in Arkansas. Furthermore, appellant's failure to appear and subse-

quent apprehension in the state of Washington can properly be viewed as flight, and it is well-settled that flight is a circumstance from which criminal intent may be inferred. *See, e.g., Jones v. State,* 31 Ark. App. 23, 786 S.W.2d 851 (1990); *Oliver v. State,* 14 Ark. App. 240, 687 S.W.2d 850 (1985).

Affirmed.

GLADWIN and NEAL, JJ., agree.