# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–436

| | | |
|---|---|---|
| | | Opinion Delivered January 15, 2014 |
| ANDREW LEE BISHOP | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–10–95] |
| V. | | |
| | | HONORABLE RALPH WILSON, JR. JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

In February 2010, appellant Andrew Lee Bishop pleaded guilty to possession of pseudoephedrine with the intent to manufacture methamphetamine before the Crittenden County Circuit Court in exchange for a two-year probationary term. Among the conditions of appellant's probation were requirements that he pay all fines, costs, and fees as directed; that he report to probation as directed; and that he not violate any state, federal or municipal law. In November 2010, the State filed a petition to revoke his probation, contending that appellant violated these conditions among the nine violations it alleged. The petition alleged specifically that appellant committed third-degree battery in Benton County in 2010. After a revocation hearing in March 2013, the trial court found, by a preponderance of the evidence, that appellant was in violation of his conditions, specifically finding that he committed a criminal act, evidenced by a certified copy of a March 2011 Benton County

Circuit Court judgment and commitment order, CR2010-1508-1, for third-degree battery committed in October 2010. A judgment was entered upon revocation, sentencing appellant to two years in the Arkansas Department of Correction to be followed by four years of suspended imposition of sentence.

Appellant's attorney filed a timely notice of appeal from the judgment upon revocation and ordered the entire trial-court record. Subsequently, appellant's attorney filed a no-merit brief pursuant to Ark. Sup. Ct. R. 4-3(k) (2013), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit to present on appeal.[1] A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). Counsel's brief recites the entirety of Rule 4-3(k)(1).

Although appellant was sent a copy of his attorney's brief and motion by mail, notifying appellant of his right to present pro se points for reversal, appellant did not file any pro se points. The State elected not to file a brief with our court. In furtherance of the goal of protecting Constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would

---

[1]Although appellant's counsel does not cite to *Anders v. California*, 386 U.S. 738 (1967), he does cite Rule 4–3(k), the appropriate standard of review, and he provides an adequate discussion of each adverse ruling. *See Alls v. State*, 2013 Ark. App. 713.

be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001). After a full examination under the proper standards, we hold that counsel provided a compliant "no merit" brief demonstrating that an appeal would be wholly without merit, and further, that counsel's motion to be relieved should be granted.

The primary adverse ruling was the decision to revoke probation. The burden upon the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his probation. *Amos v. State*, 2011 Ark. App. 638. Ark. Code Ann. § 16-93-308(d) (Supp. 2011). This court will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and our court defers to the credibility determinations made by the trial court and the weight it assigns to the evidence. *Gossett v. State*, 87 Ark. App. 317, 191 S.W.3d 548 (2004). Once the State introduces evidence of non-payment, the defendant then has the burden of going forward with some reasonable excuse for his failure to pay as ordered. *Sanders v. State*, 2012 Ark. App. 697. The State need only prove one violation in order to support the revocation of probation. *Id.*

The evidence at the revocation hearing included the testimony of a sheriff's department employee in charge of collection of fines and costs. The employee testified that appellant paid nothing toward his $1895 in costs and fines, although his monthly payments were set at $75 to begin in April 2010. A ledger sheet maintained by the sheriff's office was introduced into evidence without objection. Appellant testified that he was able to work but he had not found a job, primarily due to his felony conviction.

The certified copy of the Benton County Circuit Court judgment and commitment order was entered into evidence without objection. The State also entered into evidence a certified copy of a letter from the Department of Community Correction Institutional Release Services, dated January 14, 2013, stating that appellant was paroled from prison on his Benton County case. Appellant admitted that he was convicted on several criminal counts, explaining that he had argued and fought with his child's mother, which led to the criminal charges in latter 2010. Appellant admitted to other violations as alleged in the petition, offering little to no excuse for each one. As noted by counsel, though, credibility is a matter left to the trial court in revocation proceedings.

Based upon the foregoing, the trial judge's decision to revoke his probation was not clearly erroneous or clearly against the preponderance of the evidence. Counsel correctly states that, according to Ark. Code Ann. § 16-93-308(d), the State need only prove one of its alleged violations by a preponderance of the evidence in order to support a finding of revocation. No issue of arguable merit could be raised on appeal to reverse that finding. Appellant's counsel notes that there was no other adverse ruling.

Having considered this under the proper standards required for no-merit appeals, we affirm the revocation of appellant's probation and grant counsel's motion to be relieved.

Affirmed; motion granted.

WYNNE and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

No response.