
SLIP OPINION

Cite as 2014 Ark. App. 61

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
No. CR-13-433

| | |
|---|---|
| | **Opinion Delivered** January 22, 2014 |
| ANTHONY NORVELLE COLEMAN<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[No. CR-2011-670] |
| V. | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

Appellant Anthony Norvelle Coleman pled guilty to theft by receiving on August 16, 2011. He received a sixty month suspended imposition of sentence (SIS) and was ordered to pay fines, fees, and costs. In an ancillary criminal case, he was also ordered to pay $1615. On January 11, 2013, the State filed a petition to revoke claiming that Coleman failed to pay fines, fees, and costs as ordered. The State also alleged that he failed to notify officials of his current address and employment and that he engaged in the following activities in violation of his SIS: terroristic threatening, possession and use of alcohol, and public intoxication.

After a March 4, 2013 hearing, the Crittenden County Circuit Court revoked Coleman's SIS finding that he had violated conditions of his SIS and sentenced him to twenty-four months in the Arkansas Department of Correction, followed by a 120 month SIS. Appellant's attorney filed a timely notice of appeal from the judgment upon revocation. Subsequently, appellant's attorney filed a no-merit brief pursuant to Ark. Sup. Ct. R. 4-3(k) (2013), along with a motion

to be relieved as counsel, asserting that there is no issue of arguable merit to present on appeal. *Anders v. California*, 386 U.S. 738 (1967).[1] Although appellant was provided a copy of his attorney's brief and motion by mail, notifying appellant of his right to present pro se points for reversal, appellant did not file any pro se points. The State elected not to file a brief with our court.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). It is imperative that counsel follow the appropriate procedure when filing a motion to withdraw as counsel. *Brown v. State*, 85 Ark. App. 382, 155 S.W.3d 22 (2004). In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

Counsel notes two adverse rulings at the hearing: the sufficiency of the evidence to revoke and an objection that was overruled. As to the evidentiary ruling, counsel objected to the mention of fines that Coleman owed in the ancillary criminal case; however, the information was

---

[1]To the extent that *Hollins v. State*, 2013 Ark. App. 695, directs that a no-merit appeal must specifically include a reference to *Anders v. California*, 386 U.S. 738 (1967), we overrule that portion of our prior mandate. However, we remind counsel that a complete standard-of-review discussion should set out the appropriate constitutional framework supporting the concept of a "no-merit" appeal.

included in the conditions of the SIS that Coleman had previously signed (and he answered the question prior to the objection being made). First, the rules of evidence do not apply in revocation proceedings. Ark. R. Evid. 1101. Second, the objection was rendered moot as it would have no practical legal effect on the existing legal controversy. Therefore, we agree that there is no meritorious ground for appeal based on this adverse ruling.

The second adverse ruling was the court's decision to revoke Coleman's probation. The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his probation. *Amos v. State*, 2011 Ark. App. 638. We will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and our court defers to the credibility determinations made by the trial court and the weight it assigns to the evidence. *Gossett v. State*, 87 Ark. App. 317, 191 S.W.3d 548 (2004). Once the State introduces evidence of nonpayment, the defendant then has the burden of going forward with some reasonable excuse for his failure to pay as ordered. *Sanders v. State*, 2012 Ark. App. 697. The State need only prove one violation in order to support the revocation of probation. *Id.*

Here there is no dispute that Coleman failed to make a single payment on the amounts he owed. Furthermore, he presented no valid excuse for the non-payment. Additionally, the State offered proof that officers responded to a domestic-abuse call involving Coleman, and upon arrival, officers found Coleman sitting in the stairwell of an apartment complex. Officers noted that Coleman was unsteady on his feet, smelled of alcohol, and was holding a bottle of vodka. Based on the foregoing, we agree with counsel's assertion that the trial court's decision to revoke Coleman's probation was not clearly erroneous or clearly against the preponderance

3



of the evidence. No issue of arguable merit could be raised on appeal to reverse that finding, because only one violation was required to be established in order to sustain a revocation.

After a full examination of the record, under the proper standards, we hold that counsel's no-merit brief demonstrates that an appeal would be wholly without merit, and further, that counsel's motion to be relieved should be granted.

Affirmed; motion to withdraw granted.

WALMSLEY, HARRISON, GRUBER, GLOVER, and WOOD, JJ., agree.

*C. Brian Williams*, for appellant.

No response.