

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-12-1080

| | | |
|---|---|---|
| ALAN LEE HOOTEN | | Opinion Delivered June 18, 2014 |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-1996-372] |
| V. | | |
| | | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

Appellant, Alan Lee Hooten, pled guilty in 1997 to a Class "C" felony violation of the Arkansas Hot Check Law. He was fined $50, ordered to pay court costs of $150, and ordered to pay restitution in the amount of $4248.62 in $100 monthly installments. Imposition of any sentence to imprisonment was suspended for three years upon various conditions, including requirements that appellant not commit any violations of the law and that he pay the ordered fine, costs, and restitution. Appellant and his attorney signed the written conditions of the suspension. The court also checked a box on the judgment placing appellant on "probation" for the first two years of his suspension. In 2010, the prosecuting attorney filed a petition to revoke appellant's suspended sentence on grounds of nonpayment. After a 2012 hearing, the trial court found that appellant had inexcusably violated the conditions of his suspension, revoked the suspension, and sentenced appellant to two years in the Arkansas Department of

SLIP OPINION

Correction, with any additional sentence suspended for a period of eight years. Appellant argues on appeal that the evidence was insufficient to prove that his nonpayment was willful and that the sentence imposed in 1997 was illegal. We affirm.

To revoke a probation or suspension, the trial court must find by a preponderance of the evidence that the defendant willfully violated a condition of the probation or suspension. *Miller v. State*, 2012 Ark. App. 523. Where the alleged violation is a failure to make payments as ordered, it is the State's burden to prove that the failure to pay was inexcusable; once the State has introduced evidence of nonpayment, the burden of going forward shifts to the defendant to offer some reasonable excuse for failing to pay. *Reese v. State*, 26 Ark. App. 42, 759 S.W.2d 576 (1988). Factors to be considered in determining whether to revoke a probation or suspension for failure to pay include the defendant's employment status, earning ability, and financial resources; the willfulness of the defendant's failure to pay; and other special circumstances. Ark. Code Ann. § 5-4-205(f)(3) (Supp. 2011). We will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and in considering that issue we defer to the credibility determinations made by the trial court and the weight it assigns to the evidence. *Gossett v. State*, 87 Ark. App. 317, 191 S.W.3d 548 (2004).

Here, the State introduced the requisite proof of nonpayment, and appellant testified that he was able to post a $500 cash bond when he was arrested; that he had been employed as a roofer for the same company for the past six years; that his income varied with the season but averaged $300 per week; and that he was able to make payments in some amount. The

trial court was not required to believe appellant's testimony that he had not made any of the required payments because he was confused or had forgotten that he was obliged to make them. *See Hill v. State*, 2012 Ark. App. 493. We cannot say, on this record, that the trial court's finding of inexcusable nonpayment is clearly erroneous.

Next, appellant argues that the trial court imposed an illegal sentence in 1997 when it ordered both suspended imposition of sentence and probation for the same offense. Although it is true that a trial court may not impose both probation and a suspended sentence simultaneously, the remedy for an error of this nature is not dismissal of the revocation order but instead is correction of that order by the trial court, which may be done even if the original sentence is partially executed. *Sisk v. State*, 81 Ark. App. 276, 101 S.W.3d 248 (2003). Here, the revocation was grounded on appellant's failure to pay court-ordered restitution. For many years, it has been the law that a circuit court automatically retains jurisdiction over a defendant who has been ordered to pay restitution until the restitution has been paid in full, even beyond the duration of the stated period of suspension or probation. *Kyle v. State*, 312 Ark. 274, 849 S.W.2d 935 (1993); *Smith v. State,* 83 Ark. App. 48, 115 S.W.3d 820 (2003).[1]

---

[1]At the time that appellant's sentence was imposed in November 1997, Ark. Code Ann. § 5-4-303(f) provided: "If the court has suspended the imposition of sentence or placed a defendant on probation conditioned upon his making restitution or reparation and the defendant has not satisfactorily made all his payments when the probation period has ended, the court shall have the authority to continue to assert its jurisdiction over the recalcitrant defendant and extend the probation period as it deems necessary or revoke the defendant's suspended sentence." That provision is currently codified at Ark. Code Ann. § 16-93-311 (Supp. 2013).

SLIP OPINION



Affirmed.

Hixson and Wood, JJ., agree.

*Camille Edmison-Wilhemi*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.