Cite as 2015 Ark. App. 16

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-14-155

| | |
|---|---|
| | **Opinion Delivered** January 14, 2015 |
| EDWARD ANTONIO WALTON<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[No. CR-12-295] |
| V. | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

Edward Antonio Walton appeals from the sentencing order entered November 21, 2013, revoking his probation. Pursuant to Arkansas Supreme Court Rule 4-3(k)(1) (2013), and *Anders v. California*, 386 U.S. 738 (1967), his attorney has filed a no-merit brief and a motion to withdraw, asserting that there is no issue of arguable merit to present on appeal. We affirm the revocation and grant counsel's motion to withdraw.

On April 30, 2012, Walton pled guilty to the sale or delivery of a controlled substance and was sentenced to thirty-six months' probation. He was directed to comply with the terms and conditions of his probation, which (among other things) ordered him to pay court fines, fees, and costs; pay probation fees; report to his probation officer; and not violate state, federal, or municipal law.

On February 1, 2013, the State filed a petition to revoke Walton's probation, alleging that he (1) failed to pay fines, costs, and fees; (2) failed to report to his probation officer; (3) failed

to pay probation fees; (4) failed to notify the sheriff and his probation officer of his current address and employment; (5) committed the new offenses of battery in the first degree, fleeing, criminal attempt, and murder in the first degree; and (6) committed the new offenses of DWI, driving while his driver's license was suspended, having no liability insurance, having a fictitious vehicle license, refusing a breath test, and resisting arrest.

A revocation hearing was held on November 15, 2013. Amy Peyton, who collects court-imposed fines and fees for the Crittenden County Sheriff's Office, testified that Walton made no payments toward his fines, costs, and fees, leaving a balance of $2270. She also stated that Walton never contacted her to advise where he was working, where he was living, or why he was not making his payments. During her testimony, a ledger reflecting the amount Walton owed in fees, fines, and costs was introduced into evidence.

Walton's probation officer, April Thomas, testified that she was assigned Walton as a probationer in May 2012, and that he reported consistently until he was jailed as a result of new charges filed against him. Thomas also testified that Walton owed $35 in fees and that he failed one drug screen in May 2012. Lastly, the State introduced certified copies of judgments from the Crittenden County District Court entered January 28, 2013, convicting Walton of first-offense DWI, driving while his driver's license was suspended, having no liability insurance, having a fictitious vehicle license, and refusing a breath test.

Once the State rested, counsel for Walton moved to dismiss several of the allegations in the petition to revoke (including failing to report to his probation officer, failing to notify the sheriff and his probation officer of his current address and employment, committing battery in

SLIP OPINION

SLIP OPINION

the first degree, fleeing, criminal attempt, murder in the first degree, and resisting arrest), and the trial court granted the motion. Walton did not testify.

At the conclusion of the hearing, the trial court, citing Walton's five convictions in district court, found that he had violated the terms and conditions of his probation by violating state and/or municipal laws. The trial court entered a sentencing order revoking Walton's probation and sentencing him to sixty months' imprisonment in the Arkansas Department of Correction.

Walton's attorney has filed a no-merit brief pursuant to Ark. Sup. Ct. R. 4-3(k)(1), along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit to present on appeal. Although Walton was mailed a copy of his attorney's brief and motion, notifying him of his right to present pro se points for reversal, he did not file any pro se points. The State elected not to file a brief with our court.

An attorney's request to withdraw from appellate representation based upon a meritless appeal must be accompanied by a brief that contains a list of all rulings adverse to his client that were made on any objection, motion, or request made by either party. Ark. Sup. Ct. R. 4-3(k)(1). The argument section of the brief must contain an explanation of why each adverse ruling is not a meritorious ground for reversal. *Id.* This court is bound to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 279, 47 S.W.3d 915, 919 (2001) (citing *Anders*, 386 U.S. at 744).

After carefully examining the record and the brief presented to us, we conclude that the trial court's sole adverse ruling was the revocation decision. Probation may be revoked upon a

finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Williams v. State*, 2013 Ark. App. 422, at 3. Even though the petition may allege multiple violations, the State need prove only one. *Richardson v. State*, 85 Ark. App. 347, 350, 157 S.W.3d 536, 538 (2004). On appeal, a revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Williams*, 2013 Ark. App. 422, at 3.

At the revocation hearing, certified copies of five judgments, entered on January 28, 2013, in the Crittenden County District Court, were introduced without objection. This is undisputed evidence that Walton, while on probation, violated the law. Therefore, the trial court's decision to revoke Walton's probation was not clearly erroneous or clearly against the preponderance of the evidence. *See Bishop v. State*, 2014 Ark. App. 41, at 4. As set forth above, there were no other adverse rulings against Walton. Therefore, from our review of the record and briefs presented, we find compliance with Rule 4-3(k)(1) and *Anders*, and we find that this appeal is without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

No response.