SLIP OPINION

Cite as 2015 Ark. App. 15

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-149

| | | |
|---|---|---|
| | | **Opinion Delivered** January 14, 2015 |
| JENNIFER L. SCHIFFER | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [No. CR-2009-1633] |
| V. | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

Jennifer Schiffer appeals from the sentencing order entered on November 15, 2013, revoking her probation. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), her attorney has filed a no-merit brief and a motion to withdraw as counsel, asserting that there is no issue of arguable merit to present on appeal. We affirm the revocation of Schiffer's probation and grant counsel's motion to withdraw.

Schiffer entered a plea of guilty to theft of property, a Class C felony, on June 6, 2011. She was sentenced to eighteen months' probation and ordered to pay fees and costs. As conditions of her probation, Schiffer was ordered to live a law-abiding life, be of good behavior, and not commit any violations of law. On October 25, 2012, the State filed a petition to revoke Schiffer's probation, alleging that she had violated the conditions of her probation due to (1) failure to pay fines, costs, and fees as directed; (2) failure to report to her probation officer as directed; (3) failure to pay probation fees; (4) failure to notify the sheriff and her probation

officer of her current address and employment; (5) forgery; (6) association with others violating laws of the State of Mississippi; and (7) possession and use of illegal drugs. On June 24, 2013, the State filed an amended petition, adding an eighth allegation that Schiffer had been convicted of burglary and shoplifting in Desoto County, Mississippi, while on probation. After a hearing held on November 15, 2013, the Circuit Court of Crittenden County found that Schiffer had violated the conditions of her probation by being convicted of burglary and shoplifting in Mississippi. She was sentenced to two years in a regional correctional facility and ordered to pay $2250 in restitution.

As allowed by Arkansas Supreme Court Rule 4-3(k) and *Anders*, Schiffer's counsel has filed a motion to withdraw, stating that there is no merit to an appeal. *Anders*, 386 U.S. 738. The motion is accompanied by an abstract and addendum of the proceedings below, including all objections and motions decided adversely to Schiffer, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of the court served Schiffer with a copy of counsel's brief and notified her of her right to file pro se points on appeal within thirty days. Schiffer filed no pro se points.

An attorney's motion to withdraw from appellate representation based upon a meritless appeal must be accompanied by a brief that contains a list of all rulings adverse to his client that were made on any objection, motion, or request made by either party. Ark. Sup. Ct. R. 4-3(k)(1). The brief must also contain an explanation of why each adverse ruling is not a meritorious ground for reversal. *Id.* We are bound to perform a full examination of the proceedings as a

whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 279, 47 S.W.3d 915, 919 (2001) (citing *Anders*, 386 U.S. at 744).

From our review of the record and the brief presented to us, we find compliance with Rule 4-3(k)(1) and agree that there is no merit to an appeal. At the hearing, the court admitted evidence of Schiffer's Mississippi convictions without objection. It is undisputed that she violated the law while on probation. Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of probation. *Williams v. State*, 2013 Ark. App. 422, at 3. Although the petition and amended petition for revocation of Schiffer's probation alleged multiple violations, the State need prove only one. *Richardson v. State*, 85 Ark. App. 347, 350, 157 S.W.3d 536, 538 (2004). A trial court's decision to revoke probation will not be overturned on appeal unless it is clearly against the preponderance of the evidence. *Williams*, 2013 Ark. App. 422, at 3. In this case, the trial court's revocation of Schiffer's probation was not clearly erroneous or clearly against the preponderance of the evidence. *See Bishop v. State*, 2014 Ark. App. 41, at 4. Accordingly, we affirm the order of revocation and grant defense counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and BROWN, JJ., agree.

*Lisa-Marie Norris*, for appellant.

No response.