

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-14-1024

| | |
|---|---|
| | **Opinion Delivered** June 17, 2015 |
| ASHLEY GRIFFIN<br>APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [No. CR-13-175] |
| V. | HONORABLE JODI RAINES DENNIS, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

On January 31, 2014, appellant Ashley Griffin pled guilty to possession of a controlled substance in the Jefferson County Circuit Court in exchange for a two-year probationary term. Among the conditions of Griffin's probation were the requirements that she not commit a criminal offense punishable by imprisonment; not use a controlled substance; report to her probation officer as directed; report to a day reporting center and subject herself to the programs deemed necessary; and pay all fines, costs, and fees as directed.

In May 2014, the State filed a petition to revoke Griffin's probation, contending that she violated these conditions. After a revocation hearing, the trial court found, by a preponderance of the evidence, that Griffin was in violation of the conditions of her probation and revoked her probation. A sentencing order, entered August 11, 2014, sentenced her to six years' imprisonment, with two suspended, in the Community Corrections Center.

Griffin's attorney has filed a timely notice of appeal from the sentencing order. Subsequently, counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Arkansas Court of Appeals, along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit to present on appeal. Griffin was provided a copy of her attorney's brief and motion by mail, notifying her of her right to present pro se points for reversal, and she did file pro se points. The State has filed a brief in response to Griffin's pro se points.

A request to be relieved as counsel on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* It is imperative that counsel follow the appropriate procedure when filing a motion to withdraw as counsel. *Brown v. State*, 85 Ark. App. 382, 392, 155 S.W.3d 22, 28 (2004). In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 279–80, 47 S.W.3d 915, 917 (2001).

After a full examination under the proper standards, we conclude that the only adverse ruling in this case was the decision to revoke probation. The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of her probation. *Amos v. State*, 2011 Ark. App. 638, at 4;

Ark. Code Ann. § 16-93-308(d) (Supp. 2011). This court will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and our court defers to the credibility determinations made by the trial court and the weight it assigns to the evidence. *Gossett v. State*, 87 Ark. App. 317, 319, 191 S.W.3d 548, 549 (2004). The State need only prove one violation in order to support the revocation of probation. *Sanders v. State*, 2012 Ark. App. 697, at 2–3.

The evidence at the July 14, 2014 revocation hearing included the testimony of Collin Frierson, Griffin's probation officer. Frierson testified that while on probation, Griffin pled guilty on April 9, 2014, to third-degree domestic battery; she tested positive for amphetamine and PCP on January 14, 2014; and she tested positive for amphetamine, marijuana, and PCP on January 31, 2014. According to Frierson, on February 27, 2014, Griffin failed to provide a urine specimen, which was counted as a positive result. Frierson further testified that Griffin failed to report on April 9, 2014, as directed and that she failed to report for a drug-and-alcohol-treatment assessment as directed. Based on these violations, Frierson testified that Griffin's probation should be revoked.

Griffin's testimony included her admission that she pled guilty to third-degree domestic battery. She added that she "might have" used amphetamines or PCP, and she agreed that she did not give a urine sample when it was requested. She said that because she took too long to give the sample, she was told that she could go home. She added that while the drug and alcohol assessment was included in her "paperwork," she was never told by Frierson that she had to

report for it. Finally, while Griffin denied having a drug problem, she conceded that she relapsed because she was stressed out.

Based on our review of the record for potential error pursuant to *Anders*, the evidence presented at the revocation hearing, and Griffin's pro se points for reversal, we agree with counsel's assertion that the trial court's decision to revoke Griffin's probation was not clearly erroneous or clearly against the preponderance of the evidence. No issue of arguable merit could be raised on appeal to reverse that finding where only one violation was required to be established in order to sustain a revocation. Accordingly, we hold that there has been compliance with Rule 4-3(k), and that Griffin's appeal is wholly without merit. Therefore, having considered this matter under the proper standards required for no-merit appeals, we affirm the sentencing order revoking Griffin's probation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WHITEAKER and HIXSON, JJ., agree.

*Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.