SLIP OPINION

Cite as 2013 Ark. App. 713

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–65

| | |
|---|---|
| | **Opinion Delivered** December 4, 2013 |
| REGINALD EUGENE ALLS<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–08–1142] |
| V. | |
| | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

In July 2009, appellant Reginald E. Alls pleaded guilty to possession of a controlled substance before the Crittenden County Circuit Court in exchange for a three-year probationary term. Among the conditions of appellant's probation were requirements that he pay all fines, costs, and fees as directed and that he report to probation as directed. In June 2012, the State filed a petition to revoke his probation, contending that appellant violated these conditions.[1] After a revocation hearing, the trial court found, by a preponderance of the evidence, that appellant was in violation of his conditions concerning payment of fines, fees, costs, and failure to report to his probation officer. A judgment was entered upon revocation, sentencing appellant to three years in the Arkansas Department of Correction.

---

[1]This was the second probation-revocation petition filed. The first was filed in January 2010, and subsequently, appellant negotiated with the State and the trial court to restart his three-year probation commencing in September 2010.



Appellant's attorney filed a timely notice of appeal from the judgment upon revocation. Subsequently, appellant's attorney filed a no-merit brief pursuant to Ark. Sup. Ct. R. 4-3(k) (2013), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit to present on appeal. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). It is imperative that counsel follow the appropriate procedure when filing a motion to withdraw as counsel. *Brown v. State*, 85 Ark. App. 382, 155 S.W.3d 22 (2004). In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

We denied counsel's previous motion and ordered that counsel rebrief this appeal in *Alls v. State*, 2013 Ark. App. 434, handed down on June 26, 2013. In that opinion, we held that the argument section of counsel's brief was deficient, pointing to the lack of a reference to Rule 4-3(k) or *Anders v. California*, 386 U.S. 738 (1967), and a lack of an adequate discussion or explanation as to why each of the two adverse rulings lacked merit. We also noted that counsel's motion to be relieved referred to Rule 4-3(j) instead of Rule 4-3(k).



Those deficiencies have been addressed in the substituted brief and revised motion to be relieved as counsel, both filed in August 2013.[2]

Although appellant was provided a copy of his attorney's brief and motion by mail, notifying appellant of his right to present pro se points for reversal, appellant did not file any pro se points. The State elected not to file a brief with our court. After a full examination under the proper standards, we hold that counsel's "no merit" brief demonstrates that an appeal would be wholly without merit, and further, that counsel's motion to be relieved should be granted.

The primary adverse ruling was the decision to revoke probation. The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his probation. *Amos v. State*, 2011 Ark. App. 638. Ark. Code Ann. § 16-93-308(d) (Supp. 2011). This court will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and our court defers to the credibility determinations made by the trial court and

---

[2]We acknowledge that our court decided in *Hollins v. State*, 2013 Ark. App. 695, on November 20, 2013, that this attorney failed to provide an adequate argument in his no-merit brief, ordering rebriefing and reporting this attorney to the Professional Conduct Committee. In *Hollins*, counsel was directed to include and apply the appropriate standard of review and was referred to a footnote in *Soto v. State*, 2013 Ark. App. 619, handed down on October 30, 2013. *Soto v. State* involved this same attorney in a no-merit appeal, and the opinion contained a footnoted caveat that this attorney should include the *Anders* citation in his brief. We nonetheless affirmed Mr. Soto's appeal and granted this attorney's motion to be relieved. In the present appeal, counsel's substituted brief and revised motion were submitted prior to either *Hollins* or *Soto* being decided. The substituted filings fail to cite *Anders*, but do cite Rule 4-3(k), the appropriate standard of review, and provide an adequate discussion of each adverse ruling.

SLIP OPINION

the weight it assigns to the evidence. *Gossett v. State*, 87 Ark. App. 317, 191 S.W.3d 548 (2004). Once the State introduces evidence of nonpayment, the defendant then has the burden of going forward with some reasonable excuse for his failure to pay as ordered. *Sanders v. State*, 2012 Ark. App. 697. The State need only prove one violation in order to support the revocation of probation. *Id.*

The evidence at the November 1, 2012 revocation hearing included the testimony of a sheriff's department employee in charge of collecting of fines and costs. The employee testified that appellant paid only $345, although his monthly payments were set at $75, and that appellant's current balance was $1265. The ledger sheet was admitted into evidence without objection.

Appellant's probation officer testified that he had not seen appellant except one time in March 2012, despite warning letters, home visits, and an attempt to reach him at the telephone number that appellant provided, which had been disconnected. The probation officer testified that appellant owed $175 in probation fees, which accrued at $25 per month. Appellant did not testify.

Based on the foregoing, we agree with counsel's assertion that the trial judge's decision to revoke his probation was not clearly erroneous or clearly against the preponderance of the evidence. No issue of arguable merit could be raised on appeal to reverse that finding, particularly where only one violation was required to be established in order to sustain a revocation.

Appellant's counsel notes that there was one evidentiary ruling regarding a State's objection. The probation officer remarked during his testimony that he would recommend a sanction of community service and four days in jail as a punishment for appellant's violations, if revocation were not ordered. The State objected on the basis that it invaded the province of the trial court. Defense counsel responded that the recommendation was appropriate for the trial court to take into consideration. The trial court ruled that it could take that in consideration, the probation officer had already given his recommendation, "so let's move on." This does not present an issue of arguable merit. First, this was not an adverse ruling because the trial court apparently agreed with defense counsel. Second, the Rules of Evidence are not generally applicable to revocation proceedings. Ark. R. Evid. 1101(b)(3)(2013). Counsel correctly notes that Ark. Code Ann. § 16-93-307(c)(2) (Supp. 2011) codifies Rule 1101(b)(3). This, therefore, presents no issue of arguable merit to raise on appeal.

Having considered this under the proper standards required for no-merit appeals, we affirm the revocation of appellant's probation and grant counsel's motion to be relieved.

Affirmed; motion granted.

GLOVER and WOOD, JJ., agree.

*C. Brian Williams*, for appellant.

No response.