# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–434

| | |
|---|---|
| | **Opinion Delivered** January 15, 2014 |
| LARRY GLADNEY ALEXANDER<br>APPELLANT | APPEAL FROM THE CRITTENDEN<br>COUNTY CIRCUIT COURT<br>[NO. CR-10-1148] |
| V. | |
| | HONORABLE RANDY F.<br>PHILHOURS, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION GRANTED |

**KENNETH S. HIXSON, Judge**

On October 12, 2010, appellant Larry Alexander pleaded guilty to Class C felony possession of a controlled substance and second–offense possession of marijuana. Mr. Alexander was sentenced to ten years in prison for possession of a controlled substance. He received a six–year suspended imposition of sentence for the marijuana conviction. The conditions of appellant's suspension required him to pay $645 in costs and fees at a rate of $50 per month beginning sixty days after his release from prison. His conditions also provided that he not possess a firearm or violate any state, federal, or municipal law.

Mr. Alexander was released from prison on June 27, 2011. On November 20, 2012, the State filed a petition to revoke appellant's suspended imposition of sentence, alleging multiple violations of his conditions. After a revocation hearing held on February 28, 2013, the trial court found that Mr. Alexander violated his conditions by failing to pay anything

toward his costs and fees, and by possessing a firearm.  On March 7, 2013, the trial court entered an order revoking Mr. Alexander's suspended imposition of sentence and sentencing him to six years in prison.

Mr. Alexander's attorney filed a timely notice of appeal from the judgment upon revocation.  Subsequently, appellant's counsel filed a motion to withdraw as counsel and a no-merit brief pursuant to Rule 4–3(k) (2013) of the Rules of the Arkansas Supreme Court, asserting that there is no issue of arguable merit to present on appeal.[1]  In compliance with the rule, appellant's counsel's brief discusses all matters in the record that might arguably support an appeal, including all of the rulings adverse to the appellant made by the trial court, and an explanation as to why each adverse ruling is not a meritorious ground for reversal.  Counsel's brief recites the entirety of Rule 4–3(k)(1).  Mr. Alexander was provided with a copy of his counsel's brief and notified of his right to file a list of pro se points within thirty days, and Mr. Alexander filed one point for reversal.  We affirm.

Amy Peyton, the person responsible for collecting fines and costs for the Crittenden County Sheriff's Office, testified at the revocation hearing.  Ms. Peyton stated that Mr. Alexander had paid nothing toward his costs and fees and that the entire amount of $645 remained due.

West Memphis Police Officer Harvey Taylor testified about the possession-of-a-firearm allegation.  On November 17, 2012, Officer Taylor stopped a vehicle driven by

---

[1]Although appellant's counsel does not cite to *Anders v. California*, 386 U.S. 738 (1967), he does cite Rule 4–3(k), the appropriate standard of review, and he provides an adequate discussion of each adverse ruling.  *See Alls v. State*, 2013 Ark. App. 713.

Ricky Mayton after Mr. Mayton ran a stop sign. Mr. Alexander was in the passenger's seat. After a computer check revealed that Mr. Mayton was driving on a suspended license, he was placed in custody and the police subsequently found two handguns in the vehicle. One of the guns was found between the driver's seat and passenger's seat, and the other was found between the passenger's seat and passenger's door. According to Officer Taylor, Mr. Mayton and Mr. Alexander both spontaneously stated that they each had a weapon.

The first adverse ruling discussed in appellant's counsel's brief was the trial court's decision to revoke. Pursuant to Ark. Code Ann. § 16-93-308(d) (Supp. 2011), the burden upon the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of the suspension. We will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and we defer to the credibility determinations made by the trial court. *Gossett v. State*, 87 Ark. App. 317, 191 S.W.3d 548 (2004).

In this case the State presented evidence that Mr. Alexander had been released from prison twenty months prior to the revocation hearing, but had paid nothing toward his costs and fees as required by the conditions of his suspension. Once the State introduces evidence of non-payment, the defendant then has the burden of going forward with some reasonable excuse for his failure to pay as ordered. *Alls v. State*, 2013 Ark. App. 713. However, Mr. Alexander offered no excuse for his failure to pay. The State need only prove one violation of a condition in order to support a revocation of a suspended imposition of sentence. *Phillips v. State*, 2011 Ark. App. 613. Based on the foregoing, we agree with

Mr. Alexander's counsel that the trial court's decision to revoke was not clearly against the preponderance of the evidence, and that no issue of arguable merit could be raised challenging the sufficiency of the evidence on appeal.

Appellant's counsel correctly asserts in his brief that there were three other adverse rulings. However, all of these adverse rulings pertained only to the possession–of–a–firearm violation. The first of these adverse rulings was the trial court's admission of testimony by Officer Taylor that, during the traffic stop, the driver stated that there was a gun in the car and the assisting officer saw a gun between the passenger's seat and passenger's door. Appellant objected to that testimony arguing that it violated his constitutional right to confront witnesses. Another adverse ruling occurred later when the trial court stated that the driver's testimony about the weapon was an exception to hearsay because it was a statement against interest. The remaining adverse ruling was the admission of Mr. Alexander's statement that he possessed a gun, over appellant's objection that he had not been given *Miranda* warnings.

Even when error occurs at revocation proceedings involving the constitutional right to confront adverse witnesses, those errors are subject to harmless-error analysis. *Reynolds v. State*, 2012 Ark. App. 705. Mr. Alexander's counsel correctly asserts in his brief that, even assuming a confrontation violation occurred, this was harmless error. This is because Officer Taylor himself testified that he observed the gun between the passenger's seat and passenger's door, and Mr. Alexander admitted to possession of the gun. And the admission of Mr. Alexander's statement to that effect was not erroneous because the statement was spontaneous. Our supreme court has held that a suspect's spontaneous statement while in

police custody is admissible, regardless of whether the statement was made before or after *Miranda* warnings. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. And even absent Mr. Alexander's admission that he was in possession of the gun, the State established constructive possession because it was found on his side of the vehicle in close proximity to him. *See Williams v. State*, 2012 Ark. App. 310, __ S.W.3d __. Finally, because the three additional adverse rulings pertained only to the firearm violation, and the State presented conclusive evidence that Mr. Alexander inexcusably failed to pay costs and fees, this is another reason why any potential error was rendered harmless because the State need prove only one violation.

The sole argument raised by Mr. Alexander in his pro se points is that the trial court erred in denying his right to confront witnesses. However, Mr. Alexander does not challenge the trial court's finding that he inexcusably failed to pay costs and fees, and no meritorious argument can be raised regarding that violation. As we discussed above, any confrontation error was harmless.

After a full examination of the record and the briefs presented, we conclude that appellant's counsel has complied with Rule 4–3(k) and has demonstrated that the appeal is wholly without merit. Accordingly, having considered the proper standards required for no-merit appeals, we affirm the revocation of appellant's suspended imposition of sentence, and we grant appellant's counsel's motion to be relieved.

Affirmed; motion granted.
WYNNE and BROWN, JJ., agree.
*C. Brian Williams*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.