

Cite as 2014 Ark. App. 60

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
No. CR-12-843

| | | |
|---|---|---|
| | | **Opinion Delivered** January 22, 2014 |
| MAURICE JEFFERSON | | APPEAL FROM THE CRITTENDEN |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [No. CR-09-1262] |
| V. | | HONORABLE JOHN N. FOGLEMAN, |
| | | JUDGE |
| STATE OF ARKANSAS | | REVOCATION AFFIRMED; MOTION |
| | APPELLEE | TO WITHDRAW GRANTED |

**LARRY D. VAUGHT, Judge**

On July 16, 2012, the Crittenden County Circuit Court revoked the probation of appellant Maurice Jefferson and sentenced him to three years' imprisonment in the Arkansas Department of Correction. Citing only Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Jefferson's counsel has filed a no-merit brief asserting that there is no issue of arguable merit to present on appeal and a motion asking to withdraw as counsel. Jefferson was provided with a copy of his counsel's no-merit brief and notified of the right to file a pro se statement of additional points on appeal within thirty days. Jefferson has not filed points on appeal, and the State has not filed a brief.

This is the second no-merit-appeal brief and motion to withdraw presented by Jefferson's counsel. In the first appeal, we denied counsel's motion to withdraw and ordered rebriefing, holding that counsel failed to comply with the rules for the filing of no-merit briefs.

*Jefferson v. State*, 2013 Ark. App. 325.[1] In counsel's second no-merit appeal, the deficiencies have been addressed.[2]

On April 16, 2010, Jefferson pled guilty to fleeing, a Class C felony, and was placed on probation for a period of five years. Among the conditions of his probation were the requirements that he pay fines, court costs, and fees totaling $2020; pay probation-supervision fees; report to his probation officer as directed; work at suitable employment; report his current address and place of employment to his probation officer; and remain within the jurisdiction of the court. On October 6, 2011, the State filed a petition to revoke Jefferson's probation, alleging that he had violated the terms of his probation by (1) failing to pay fines, costs, and fees; (2) failing to report to his probation officer; (3) failing to pay probation fees; (4) failing to notify the sheriff and his probation officer of his current address and employment; (5) departing from an approved residence without permission; and (6) failing to work regularly at suitable employment.

At the July 5, 2012 probation revocation hearing, the State produced testimony that Jefferson made no payments toward the $2020 he owed in costs, fines, and fees. Jefferson's probation officer testified that after Jefferson had been sentenced to probation on April 16,

---

[1]Specifically, we held that counsel failed to cite Arkansas Supreme Court Rule 4-3(k); he cited Rule 4-3(j), which governs the preparation of briefs for indigent appellants; and he failed to explain why the revocation decision was not a meritorious ground for reversal. *Jefferson*, 2013 Ark. App. 325, at 3–4.

[2]We note that counsel has failed to cite *Anders v. California*, 386 U.S. 738 (1967). While the better practice is to cite *Anders* in all no-merit criminal appeals, the *Anders* citation is not required. *Coleman v. State*, 2014 Ark. App. ___.

2010, the following day he was extradited to Missouri and placed on probation there. The officer said that on November 18, 2010, Jefferson called the Arkansas probation office and requested that his Missouri probation be transferred to Arkansas. Jefferson was told that a transfer request had to be made in person, and he was told to report in Arkansas on December 7, 2010. Jefferson failed to report on that date. The probation officer stated that Jefferson never reported to the Arkansas probation office.

Jefferson testified, confirming that after he had been extradited to Missouri, he requested that his probation be transferred to Arkansas. He said that he was told he would have to come to Arkansas to have the paperwork for that request completed but said that he did not have the money to travel to Arkansas at that time. However, he testified that he returned to Arkansas in December 2011 and did not report upon his return because he was saving money to pay his costs, fees, and fines.

At the conclusion of the hearing, the trial court—focusing on the time period after which Jefferson had returned to Arkansas—revoked Jefferson's probation for failing to report to his probation officer. In a sentencing order filed July 16, 2012, the trial court sentenced him to three years' imprisonment. This no-merit appeal and motion to withdraw followed.

A request to withdraw as counsel on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. *Anders v. California*, 386 U.S. 738, 744 (1967); Ark. Sup. Ct. R. 4-3(k)(1) (2012). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests made by either party with an explanation as to why each

adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). It is imperative that counsel follow the appropriate procedure when filing a motion to withdraw as counsel. *Alls v. State*, 2013 Ark. App. 713, at 2. In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Id.*

Our review of the record reveals three rulings adverse to Jefferson—two adverse evidentiary rulings (State hearsay objections that were sustained by the trial court) and the revocation decision. Counsel's no-merit brief includes an abstract of the two adverse evidentiary rulings and the argument that there is no merit to an appeal of these adverse rulings because the rules of evidence do not apply in probation-revocation proceedings. Ark. R. Evid. 1101(b)(3) (2012). Regarding the third adverse ruling—the revocation decision—counsel argues that there is no merit to an appeal of this ruling because the trial court revoked Jefferson's probation based on his failure to report to his probation officer and Jefferson admitted that he failed to report after he returned to Arkansas in December 2011.

Having considered this under the proper standards required for no-merit appeals, we affirm the revocation of Jefferson's probation and grant counsel's motion to withdraw.

Revocation affirmed; motion to withdraw granted.

WALMSLEY, HARRISON, GRUBER, GLOVER, and WOOD, JJ., agree.

*C. Brian Williams*, for appellant.

No response.

4