SLIP OPINION

Cite as 2014 Ark. App. 291

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-445

| | | |
|---|---|---|
| | | **Opinion Delivered** May 7, 2014 |
| TERRANCE D. HOLLINS | | APPEAL FROM THE CRITTENDEN |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [No. CR-2012-290] |
| V. | | HONORABLE RALPH WILSON, JR., |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION GRANTED |

## LARRY D. VAUGHT, Judge

On April 30, 2012, Terrance D. Hollins pled guilty in the Circuit Court of Crittenden County to Class B felony residential burglary and received a sentence of forty-eight months' supervised probation. On September 10, 2012, a petition to revoke Hollins's probation was filed, alleging failure to pay fines and costs; failure to pay probation fees; failure to notify the sheriff and the probation office of his current address and employment; and possession of marijuana. At a revocation hearing on March 4, 2013, the trial court found that Hollins had violated several conditions of his probation and sentenced him to 120 months' imprisonment in the Arkansas Department of Correction, followed by 120 months' suspended imposition of sentence. Hollins's counsel filed a notice of appeal from the sentencing order. Subsequently, citing Arkansas Supreme Court Rule 4-3(k) (2013) and *Anders v. California*, 386 U.S. 738 (1967), counsel for Hollins has filed a no-merit brief along with a motion to be relieved as counsel,

asserting that there is no issue of arguable merit to present on appeal.[1] Hollins was provided a copy of his attorney's brief and motion by mail, notifying him of his right to present pro se points for reversal, but Hollins did not file pro se points. The State elected not to file a brief with our court. After a full examination under the proper standards, we hold that counsel's no-merit brief demonstrates that an appeal would be wholly without merit, and further, that counsel's motion to be relieved should be granted.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4-3(k)(l). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* It is imperative that counsel follow the appropriate procedure when filing a motion to withdraw as counsel. *Alls v. State*, 2013 Ark. App. 713, at 2. In furtherance of the goal of protecting constitutional rights, it is the duty of both counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Id.*

Counsel correctly points out that the only adverse ruling in this case was the trial court's decision to revoke Hollins's probation. The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply

---

[1]This is the second no-merit-appeal brief and motion to withdraw presented by Hollins's counsel. In the first appeal, we denied counsel's motion to withdraw and ordered rebriefing, holding that he failed to comply with the rules for the filing of no-merit briefs. *Hollins v. State*, 2013 Ark. App. 695. In counsel's second no-merit appeal, the deficiencies have been addressed.

with at least one condition of his probation. *Alls*, 2013 Ark. App. 713, at 3 (citing Ark. Code Ann. § 16-93-308(d) (Supp. 2011)). This court will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and our court defers to the credibility determinations made by the trial court and the weight it assigns to the evidence. *Id.* at 3–4. Once the State introduces evidence of the failure to pay ordered amounts, the defendant then has the burden of going forward with some reasonable excuse for his failure to pay as ordered. *Id.* at 4. The State need prove only one violation in order to support the revocation of probation. *Id.*

The evidence at the March 4, 2013 revocation hearing included the testimony of a sheriff's department employee in charge of collecting fines and costs. The employee testified that Hollins had made no payments toward his fines and costs, although his monthly payments were set at $50, and that Hollins's current balance was $1270. The ledger sheet corroborating this testimony was admitted into evidence without objection.

Hollins's probation officer testified that Hollins failed to report after June 12, 2012, despite a warning letter, a home visit, and an attempt to reach him at the telephone number that he had provided.[2] The probation officer also testified that Hollins owed $175 in probation fees and that he tested positive for marijuana on June 12, 2012. The officer stated that he had spoken with Hollins in jail on February 20, 2013, and that Hollins said that he did not report because he had moved to Memphis, Tennessee, and did not have money for transportation.

---

[2]The probation officer testified that he had spoken with Hollins's brother who said he would tell Hollins to report to the probation office on August 6, 2012.

Hollins testified, confirming that he had moved to Memphis. He said that he did not report because of finances, transportation, and family matters. He added that he had recently been working, earning $30 per day. He denied receiving the warning letter, and he said that he had no contact with his brother. He admitted smoking marijuana, stating "Life's hard out there and, you know I was having a whole lot of difficulties." At the conclusion of the hearing, the trial court found that Hollins had violated four terms and conditions of his probation: (1) failed to pay fines and costs, (2) used/possessed a controlled substance, (3) failed to report to the probation office, and (4) failed to pay probation fees.

Based on the foregoing and our review of the record, we agree with counsel's assertion that the trial court's findings supporting the revocation of Hollins's probation were not clearly erroneous or clearly against the preponderance of the evidence. No issue of arguable merit could be raised on appeal to reverse that finding, particularly where only one violation was required to be established in order to sustain a revocation. Having considered this under the proper standards required for no-merit appeals, we affirm the revocation of Hollins's probation and grant counsel's motion to be relieved.

Affirmed; motion granted.

WYNNE and WHITEAKER, JJ., agree.

*C. Brian Williams*, for appellant.

No response.