

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-878

| | |
|---|---|
| | **Opinion Delivered** June 18, 2014 |
| GARY CARTER<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR-10-1432] |
| V. | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBIN F. WYNNE, Judge**

Gary Carter appeals from the revocation of his probation. Citing Arkansas Supreme Court Rule 4-3(k)(1) (2013),[1] his attorney has filed a no-merit brief and a motion to withdraw as counsel, asserting that the appeal is wholly without merit. Carter has not filed pro se points for reversal. We affirm the revocation and grant the motion to withdraw.

On November 22, 2010, Carter pled guilty to possession of a controlled substance (cocaine), a Class C felony. He was sentenced to five years' probation and ordered to pay a fine of $1000, costs, and fees in monthly installments of $50. In November 2011, the State filed a petition for revocation of probation, alleging several violations of the conditions of

---

[1] This court has noted that, while the better practice is to cite *Anders v. California*, 386 U.S. 738 (1967), in all no-merit criminal appeals, the *Anders* citation is not required. *E.g.*, *Jefferson v. State*, 2014 Ark. App. 60, at 2.

Carter's probation, including failing to make payments as directed and violating the law by manufacturing methamphetamine in Illinois, possessing methamphetamine with intent to sell, and possessing and using marijuana and methamphetamine.

At the revocation hearing, the State introduced evidence of Carter's failure to make payments as directed. In addition, testimony from both the probation officer and Carter showed that, while on probation, Carter violated the law and was sentenced to four years in the Illinois Department of Correction on a methamphetamine-related charge. At the conclusion of the hearing, the court made detailed findings and found by a preponderance of the evidence that Carter violated the conditions of his probation by failing to make payments toward his fine and costs as ordered and failing to live a law-abiding life by violating the law in Illinois. Upon revocation, he was sentenced to ten years' suspended imposition of sentence, conditioned in part on serving 180 days in the Department of Community Correction, *see* Arkansas Code Annotated section 5-4-304 (Repl. 2013), as well as paying the amounts previously ordered and further costs and fees. This appeal followed.

A request to withdraw as counsel on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. *Anders v. California*, 386 U.S. 738, 744 (1967); Ark. Sup. Ct. R. 4-3(k)(1) (2013). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1).



After reviewing the record and brief under the proper standards, we find compliance with Rule 4–3 and hold that the appeal is wholly without merit.

Affirmed; motion to withdraw granted.

HIXSON and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

No response.