SLIP OPINION



Cite as 2014 Ark. App. 410

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–790

| | |
|---|---|
| | **Opinion Delivered** June 18, 2014 |
| CHRISTOPHER D. BLEDSOE<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–08-651] |
| V. | |
| | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION GRANTED |

## KENNETH S. HIXSON, Judge

Appellant Christopher Bledsoe pleaded guilty to felony theft in July 2008 in Crittenden County Circuit Court, receiving a seven-year term of probation. This crime exposed appellant to a possible three-to-ten-year sentence, up to a $10,000 fine, or both. Appellant agreed to abide by numerous written conditions of probation. In March 2013, the State filed a petition to revoke, citing numerous violations of his conditions of probation. A revocation hearing was conducted in June 2013, at the conclusion of which he was found to have violated four of the listed violations: failure to pay fines, costs, and fees; failure to report to probation; failure to pay probation fees; and possession of marijuana. As a consequence, appellant was sentenced to three years in prison for felony theft. A timely notice of appeal followed.

Appellant's attorney has filed a no-merit brief and motion to be relieved as counsel pursuant to *Anders v. California*, 386 Ark. 738 (1967) and Arkansas Supreme Court Rule 4-3(k) (2013). The no-merit brief purports to list all rulings adverse to appellant at the revocation hearing and explain why there are no non-frivolous issues for appeal. The clerk of our court twice attempted to provide appellant with his attorney's motion and brief and to notify him of his right to file pro se points for reversal, as provided in Arkansas Supreme Court Rule 4-3(k)(2). The certified mailing was sent to the last known address for appellant, but it was returned as undeliverable. Appellant did not file any pro se points for reversal. From our review of the record and no-merit brief, we find compliance with Rule 4-3(k) and that an appeal would be wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the sentencing order upon revocation.

In a revocation proceeding, the State need only establish one of the bases alleged in its petition to revoke, and the burden is by a preponderance of the evidence. *James v. State*, 2012 Ark. App. 429. Evidence that is insufficient to sustain a conviction may be sufficient to establish a criminal act for purposes of revocation. *Id.* Our court reviews the trial court's findings to determine if they are clearly against the preponderance of the evidence, leaving any credibility calls and determinations of the weight of evidence to the finder of fact. *Id.* The rules of evidence do not strictly apply in revocation proceedings. *Id.*

Here, appellant testified on his own behalf, admitting that he pleaded guilty to possession of marijuana and that he admitted to the probation office that he would test positive for marijuana. This sole violation is sufficient to sustain the decision to revoke his

2

probation. Furthermore, there was sufficient evidence to support that appellant inexcusably failed to pay $50 per month toward his fines and costs, failed to report to probation, and failed to pay probation fees numerous times since 2009. The trial court was not persuaded by the excuses that appellant offered, which is a matter of credibility. There is no issue of arguable merit in a challenge to the sufficiency of the evidence to support revocation of his probation.

There was a single adverse evidentiary ruling in which appellant's attorney was directed to rephrase a question during cross examination. This could not support a meritorious appeal because the rules of evidence do not strictly apply, appellant was able to draw out the information sought by the rephrased question, and this question pertained only to failure to report. Because there was sufficient evidence to revoke probation on the admitted possession of marijuana and inexcusable failure to pay, there could be no conceivable prejudice in this ruling.

After examining this no-merit appeal under the appropriate standards, we affirm the revocation of appellant's probation and grant counsel's motion. *See Alexander v. State*, 2014 Ark. App. 40; *Jones v. State*, 2014 Ark. App. 42; *McDonald v. State*, 2014 Ark. App. 43; *Flemons v. State*, 2014 Ark. App. 131.

Affirmed; motion granted.

WYNNE and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

No response.