SLIP OPINION

Cite as 2015 Ark. App. 226

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–837

| | | |
|---|---|---|
| KEITH A. PEEL | | **Opinion Delivered** APRIL 8, 2015 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. CR-11-1080] |
| V. | | |
| | | HONORABLE BRENT DAVIS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Keith Peel was convicted of robbery and placed on five years' probation. Mr. Peel's probation was subsequently revoked within the five-year period based on the trial court's findings that he violated his conditions by failing to pay fines and costs, and by committing theft and fraudulent use of a debit card. Upon revocation, Mr. Peel was sentenced to four years in prison followed by a sixteen-year suspended imposition of sentence.

In this appeal, Mr. Peel argues that the trial court's decision to revoke his probation was clearly against the preponderance of the evidence. We disagree, and we affirm.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2013), the burden upon the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of the probation. We will not reverse unless the trial court's findings are clearly against the preponderance of the

evidence, and we defer to the credibility determinations made by the trial court. *Alexander v. State*, 2014 Ark. App. 40.

The conditions of Mr. Peel's probation required him to pay $1256 in fines and costs at a rate of $50 per month beginning in February 2013. At the revocation hearing held in May 2014, Mr. Peel admitted that he had made no payments toward his fines and costs. Mr. Peel indicated that his failure to make any payments was due to his paying fines and fees in a different criminal proceeding. However, Mr. Peel acknowledged that he worked thirty to forty hours per week making $7.00 an hour and that he received a $700 monthly disability check. Mr. Peel also stated that he could not give a logical excuse or reason as to why he had not paid yet, and he said he would "start my first payment this Friday if you don't lock me up."

Mr. Peel's probation also prohibited him from committing an offense punishable by imprisonment. The State elicited testimony from Daniel Coggins, a former coworker and friend of appellant's, who stated that one evening while they worked together Mr. Peel left the premises and did not return. Mr. Coggins later discovered that his debit card was missing, and when he went to the bank he discovered that his account was overdrawn due to $276 in unauthorized charges. All of these charges were made while Mr. Coggins had been working that night after appellant had left.

Mr. Coggins reported the debit card stolen, and Mr. Peel later returned the card to the apartment manager where Mr. Coggins lived. Mr. Coggins testified that he never gave

Mr. Peel permission to use his debit card, nor did he give him the PIN. Mr. Coggins stated that many times in the past he had used his debit card while Mr. Peel stood near him.

Mr. Peel acknowledged in his testimony that he had made transactions using Mr. Coggins's debit card. However, he denied stealing the card or using it fraudulently. Mr. Peel testified that Mr. Coggins owed him $200 for drugs and that, because Mr. Coggins had no cash, Mr. Coggins gave him his debit card and his PIN. According to Mr. Peel, Mr. Coggins authorized him to use the debit card as repayment of the debt.

On appeal, Mr. Peel argues that there was insufficient evidence to support the trial court's findings that he violated his probation conditions. Although there was proof that he was delinquent in paying his fines and fees, Mr. Peel asserts that he provided a reasonable excuse given that he was applying his income to outstanding fines and fees in another court. As for the allegation that he committed theft and fraudulent use of a debit card, Mr. Peel contends that he gave a plausible explanation for his legitimate use of the card with Mr. Coggins's permission. For these reasons, Mr. Peel requests that his revocation be reversed.

The State need only prove one violation in order to support a revocation. *Phillips v. State*, 2011 Ark. App. 613. However, in this case we hold that the trial court's findings with respect to both of the violations were not clearly against the preponderance of the evidence.

We stated in *Alls v. State*, 2013 Ark. App. 713, that once the State introduces evidence of nonpayment, the defendant then has the burden of going forward with some reasonable excuse for his failure to pay as ordered. In this case there was proof that Mr. Peel had paid

3

nothing toward his court-ordered fines and costs, despite being employed and receiving disability income. Mr. Peel acknowledged in his testimony that he had no logical excuse for failing to pay, and he indicated that he had the ability to make a payment if the court would not put him in jail. On these facts, the trial court did not err in finding that Mr. Peel's failure to pay was inexcusable.

We further hold that there was no error in the trial court's determination that Mr. Peel fraudulently used Mr. Coggins's debit card. Although Mr. Peel testified that his use of the card was by permission, the trial court was not required to believe his testimony as he was the person most interested in the outcome of the proceedings. *See Rhoades v. State*, 2010 Ark. App. 730, 379 S.W.3d 659. In direct contrast to appellant's testimony, the victim unequivocally testified that he never allowed Mr. Peel to use his debit card and that the charges were unauthorized. Leaving credibility decisions to the trial court, as we must, the trial court's finding that Mr. Peel violated his conditions by committing additional criminal offenses was not clearly against the preponderance of the evidence.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.