Cite as 2015 Ark. App. 382



# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–14–835

| | |
|---|---|
| JAY JONES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered June 17, 2015<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. CR-2012-68]<br><br>HONORABLE WILLIAM PEARSON, JUDGE<br><br>SUPPLEMENTAL ADDENDUM ORDERED; REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE |

## BRANDON J. HARRISON, Judge

The Pope County Circuit Court revoked Jones's probation and sentenced him to six years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(l) of the Rules of the Arkansas Supreme Court and Court of Appeals, Jones's attorney has filed a no-merit brief and a motion to withdraw as counsel. Jones was notified of his right to file pro se points for reversal and has done so; the State has responded to only some of those points. Due to deficiencies in both parties' briefs, we order supplementation and rebriefing.

In July 2012, Jones entered a plea of no contest to sexual assault in the fourth degree and was sentenced to sixty months' probation. In August 2013, the State petitioned to revoke Jones's probation, alleging that he had failed to report to his

probation officer, failed to pay his financial obligations, and had committed the crimes of residential burglary, theft of property, and battery. After a hearing, the court found that Jones had violated his probation by committing new criminal conduct and sentenced him to seventy-two months' imprisonment.

As noted above, Jones's counsel has filed a no-merit brief with this court, arguing that there are no meritorious grounds for appeal. However, counsel has failed to include in the addendum the latest petition for revocation, filed 20 August 2013, which led to the revocation now before us. We therefore order counsel to file a supplemental addendum within fifteen days of this opinion.

We also note that the State has failed to address all of Jone's pro se points in its brief. Jones raises an argument about his sentence, questioning why he was not credited the time he spent on probation and why he was sentenced to a longer term than his probation term, but the State's brief fails to address this argument. Arkansas Supreme Court Rule 4–3(k)(3) requires the State to respond to pro se points filed by an appellant; and the State's brief should address all, not just some, of those pro se points. *See* Ark. Sup. Ct. R. 4–3(k)(3) (2014). So we order the State to submit a new brief that complies with Rule 4–3(k)(3). The State shall have thirty days from the time counsel files his supplemental addendum to file its corrected brief.

Supplemental addendum ordered; rebriefing ordered; motion to withdraw denied without prejudice.

KINARD and GLOVER, JJ., agree.

*John C. Burnett*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.