

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–34

| | |
|---|---|
| | Opinion Delivered SEPTEMBER 23, 2015 |
| MATTHEW COCHRAN <br> APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT <br> [NO. CR–11–176] |
| V. | |
| | HONORABLE RALPH WILSON, JR., JUDGE |
| STATE OF ARKANSAS <br> APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

On September 19, 2011, appellant Matthew Cochran pleaded guilty to possession of drug paraphernalia and was placed on five years' probation. The State filed a motion to revoke appellant's probation on October 26, 2012, and an amended petition to revoke was filed on January 27, 2014. After a hearing held on October 1, 2014, the trial court found that Mr. Cochran violated his conditions of probation by failing to pay fines, costs, and probation fees, and that he further violated his conditions by failing to report to his probation officer as directed. On October 2, 2014, the trial court entered an order revoking appellant's probation and sentencing him to four years in prison.

Mr. Cochran now appeals from his revocation and resulting sentence. For reversal, he argues that the trial court erred in revoking his probation because the violations for which he was revoked were not inexcusable. We affirm.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Supp. 2013), the burden upon the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of the probation. The State needs to prove only one violation to sustain a revocation of probation. *Reynolds v. State*, 2012 Ark. App. 705. We will not reverse a decision revoking probation unless the trial court's findings are clearly against the preponderance of the evidence, and we defer to the credibility determinations made by the trial court. *Peel v. State*, 2015 Ark. App. 226.

Amy Peyton, collector of fines and costs for the Crittenden County Sheriff's Office, testified at the revocation hearing. Ms. Peyton stated that a condition of Mr. Cochran's probation required him to pay a total of $1645 in fines and costs at a rate of $50 per month beginning on November 19, 2011. Ms. Peyton testified that the only payments received from Mr. Cochran were a $25 payment on September 6, 2013, and a $20 payment on September 9, 2013.

Jennifer Clements testified that she was Mr. Cochran's probation officer beginning on February 18, 2014. According to Ms. Clements, the last time Mr. Cochran reported to probation was on September 4, 2013, when he reported to his previous probation officer. Ms. Clements mailed a letter to Mr. Cochran on February 20, 2014, directing him to report on March 5, 2014. However, Mr. Cochran failed to report as directed, and Ms. Clements has never heard from him. Ms. Clements further testified that Mr. Cochran was $595 delinquent on his $35 monthly probation fees.

In this appeal, Mr. Cochran first argues that the trial court erred in revoking probation based on his failure to pay fines, costs, and fees because such failure was not inexcusable. Mr. Cochran asserts that there was no testimony offered to show that he had any real ability to pay, was demonstrating a lack of effort, or was spending his money on something nonessential or illegal. He contends that the trial court's finding that his failure to pay was inexcusable was clearly against the preponderance of the evidence.

We stated in *Alls v. State*, 2015 Ark. App. 226, that once the State introduces evidence of nonpayment, the defendant then has the burden of going forward with some reasonable excuse for his failure to pay as ordered. If the probationer asserts an inability to pay and provides evidence demonstrating that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151. In *Hanna v. State*, 2009 Ark. App. 809, 372 S.W.3d 375, we stated that once the State has introduced evidence of nonpayment, the probationer cannot sit back and rely totally upon the trial court to make inquiry into his excuse for nonpayment, nor must the State negate every possible excuse for nonpayment in its case in chief. The probationer must explain his failure to pay, and if he asserts an inability to pay, the State must carry its ultimate burden of demonstrating no good-faith effort by a preponderance of the evidence. *Hanna*, *supra*. If the probationer offers no reasonable explanation for his failure to pay, then it is difficult to find clear error in a trial court's finding of inexcusable failure. *Peals*, *supra*.

Applying these principles to the present case, we hold that the trial court's finding that appellant's failure to pay was inexcusable was not clearly against the preponderance of the

evidence. The State undisputedly produced evidence of nonpayment, demonstrating that over a period of three years Mr. Cochran had paid just $45 toward his costs and fines and was $595 behind on his probation fees. Mr. Cochran did not testify or present any evidence at the revocation hearing. He neither asserted the inability to pay nor offered any excuse or explanation. In his brief, Mr. Cochran relies on Ms. Peyton's testimony that he had told her that he was doing "odds and ends jobs" for his landlord and would make every effort to pay. However, if anything, this testimony showed that Mr. Cochran was physically able to work. We therefore affirm the trial court's finding that Mr. Cochran violated his conditions by inexcusably failing to pay fines, fees, and costs.

Mr. Cochran's remaining argument is that the trial court erred in finding that he had inexcusably failed to report to his probation officer. However, we need not address this issue because proof of only one violation is sufficient to revoke probation. *See Reynolds*, *supra*. Having sustained the trial court's finding that appellant inexcusably failed to pay fines, fees, and costs, we affirm his revocation and sentence.

Affirmed.

KINARD and GRUBER, JJ., agree.

*C. Brian Williams*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.