

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-14-835

| | |
|---|---|
| JAY JONES<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered   November 4, 2015<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. CR-2012-68]<br><br>HONORABLE WILLIAM PEARSON, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

The Pope County Circuit Court revoked Jay Jones's probation and sentenced him to six years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Jones's attorney has filed a no-merit brief and a motion to withdraw as counsel. Jones was notified of his right to file pro se points for reversal and has done so, and the State has filed a brief in response to those points. We affirm the revocation and grant the motion to withdraw.

In July 2012, Jones entered a plea of no contest to sexual assault in the fourth degree and was sentenced to sixty months' probation. In October 2012, the State petitioned to revoke Jones's probation, alleging that he had failed to report to his probation officer and had failed to pay on his financial obligations. Jones admitted to the violations, and in an order filed 3 December 2012, the circuit court ordered Jones to serve

fourteen days in the Arkansas Department of Correction, with a credit of fourteen days for time served, and to perform forty hours of community service. On 20 August 2013, the State again petitioned to revoke Jones's probation, alleging that Jones had failed to report to his probation officer, failed to pay on his financial obligations, and had committed the crimes of residential burglary, theft of property, and battery.

At the revocation hearing, held in June 2014, Hope Stewart, a probation and parole officer, testified that she was not Jones's supervising officer but that she was familiar with his record. Stewart explained that she was filling in for Alicia Freeman, Jones's supervising officer, who was unavailable to testify that day. Stewart testified that Jones's probationary terms required him to pay $150 in court costs, an $850 fine, a $250 DNA fee, a $250 sex–offender-registration fee, and a public–defender fee. He was also ordered to report to a supervising officer and to perform community-service work. Stewart explained that Jones had not reported since 2 August 2012, that he had not paid supervision fees, that he had not done any community service, and that he was delinquent $440 to Pope County. She also testified that Jones was arrested in January 2013 for residential burglary and theft of property and in February 2013 for failure to appear. On cross-examination, Stewart acknowledged that Jones was incarcerated during some of the time that he failed to report. She also said, however, that Jones was not incarcerated from August 2 to September 27, and again from September 29 to October 29, but he did not report during those times.

Jones testified and confirmed that he was incarcerated during most of his probation. He also admitted that he committed the offense of residential burglary and was sentenced

to forty-eight months' imprisonment on that charge. Jones's only request to the court was that he be sentenced to thirty-six months' imprisonment for his probation violation. The court found that Jones violated his probation by committing new criminal conduct and sentenced him to seventy-two months' imprisonment. Jones appealed, and his attorney filed a no-merit brief and a motion to withdraw as counsel. In June 2015, this court ordered supplementation and rebriefing. *Jones v. State*, 2015 Ark. App. 382. The briefs have now been corrected.

The burden upon the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of the probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2015). The State needs to prove only one violation to sustain a revocation of probation. *Reynolds v. State*, 2012 Ark. App. 705. We will not reverse a decision revoking probation unless the circuit court's findings are clearly against the preponderance of the evidence, and we defer to the credibility determinations made by the circuit court. *Peel v. State*, 2015 Ark. App. 226.

Jones's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* In this case, counsel correctly

states that there were no objections below, therefore the only possible issue on appeal is whether the circuit court erred in finding that Jones violated the terms of his probation.

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*, 2013 Ark. App. 323. Here, we find compliance with Rule 4–3(k)(1) and *Anders*, and hold that there is no merit to this appeal. Jones admitted that he committed new criminal conduct, which violated his probation. There was no error in the circuit court's finding that Jones violated the terms of his probation.

Jones's pro se points can be summarized this way: (1) an allegation that Hope Stewart was not familiar with his probation records and thus not qualified to testify with regard to his probation; (2) an allegation that his probation records were not updated; (3) questions about his sentence, specifically why he was not given credit for the time he spent on probation and why he was sentenced to more than his probationary term; (4) general claims of ineffective assistance of counsel both in this case and his underlying plea agreement. The State contends that the pro se points raised by Jones were not raised below and are not supported by convincing argument or citation to authority, therefore they should not be considered by this court. The State also discusses each pro se point and explains why it is without merit.

We concur that the majority of Jones's arguments in his pro se points, including his ineffective-assistance-of-counsel claims, were not raised below or were not otherwise preserved for our review. Issues raised for the first time on appeal, even constitutional

SLIP OPINION

issues, will not be considered because the circuit court never had an opportunity to make a ruling. *Johnson v. State*, 2009 Ark. 460 (per curiam) (citing *Green v. State*, 362 Ark. 459, 209 S.W.3d 339 (2005)). Jones's argument regarding his sentence could be construed as an illegal-sentence argument and therefore may be raised for the first time on appeal. *Young v. State*, 2009 Ark. App. 728. So we will address it.

If a court revokes a suspension or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(l)(A) (Supp. 2015). Sexual assault in the fourth degree, the crime for which Jones received probation, is a Class D felony, for which the sentence shall not exceed six years. Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013). The conditions of probation signed by Jones warned him that any violation could result in a sentence of up to six years' imprisonment in the Arkansas Department of Correction and/or a fine of up to $10,000. Because Jones was sentenced within the range allowed by the applicable statutes, and the statutes do not provide for any credit for time spent on probation, Jones's argument has no merit, and the revocation and sentence are affirmed.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and GRUBER, J., agree.

*John C. Burnett*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: Christian Harris, Ass't Att'y Gen., for appellee.