Cite as 2021 Ark. App. 9

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-992

DION HOGANS, JR.

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** January 13, 2021

APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, CHICKASAWBA DISTRICT [NO. 47BCR-18-164]

HONORABLE BRENT DAVIS, JUDGE

AFFIRMED; MOTION TO WITHDRAW GRANTED

**N. MARK KLAPPENBACH, Judge**

Dion Hogans, Jr., appeals the order of the Mississippi County Circuit Court revoking his probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Hogans's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. Although Hogans was sent a copy of his counsel's brief and motion by mail notifying him of his right to present pro se points for reversal, he has not filed any pro se points. We affirm the revocation and grant counsel's motion to withdraw.

In August 2018, Hogans pleaded guilty to the charge of residential burglary and was sentenced to six years of probation.[1] As part of the conditions of his probation, Hogans was ordered to report as directed to a supervising officer and to remain within the state of Arkansas unless granted permission to leave by a supervising officer. The State filed a petition to revoke in October 2018 alleging that Hogans had twice failed to report as directed and had failed to remain in the state.

Jonathan Jackson, Hogans's supervising officer, testified that Hogans failed to report for his initial intake on August 31, 2018. Jackson attempted a home visit on September 19, but a woman at the home informed him that Hogans did not live there. The woman provided Jackson with a telephone number for Hogans, and when Jackson called him, Hogans reported that he was in Missouri. Jackson testified that when they were in court for Hogans's sentencing, he told Hogans that he had to have permission to go to Missouri, but Hogans never asked for permission. In their phone conversation, Jackson set a second intake date for September 24, but Hogans did not report or contact Jackson. Hogans was later jailed for failing to appear at a court date, and Jackson told him to report when he was released, but Hogans failed to report.

Hogans testified that he had twice reported to Jackson. He said that shortly after he was placed on probation, he signed some papers in Jackson's office, and he claimed that he returned two weeks later as directed by Jackson. Hogans said that he failed to report a third time because he lacked transportation. He claimed that Jackson told him he needed to make

---

[1]In the same case, Hogans also pleaded guilty to third-degree domestic battering and was sentenced to one year of suspended imposition of sentence (SIS); however, that conviction was not the subject of the circuit court's later revocation.

a $150 payment in order to transfer his probation to Missouri and that he needed Jackson's permission, which he admittedly had not obtained.

The court found that Hogans's testimony was not credible and concluded that he had failed to comply with his reporting requirements and the requirement that he remain within the state of Arkansas unless granted permission to leave. The defense requested reinstatement of probation, but the court sentenced Hogans to four years' imprisonment and sixteen years' SIS.

Rule 4–3(k)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and addendum shall contain all rulings adverse to the defendant made by the circuit court. Ark. Sup. Ct. R. 4–3(k)(1). In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Jefferson v. State*, 2014 Ark. App. 60.

Counsel's brief addresses three adverse rulings. The first adverse ruling occurred when the State asked the circuit court to take judicial notice of the two times Hogans was jailed for failing to appear in court. The defense objected because failure-to-appear allegations were not included in the State's petition to revoke. The court clarified that the failures to appear would not be considered as a basis for revocation but would be considered only for the limited purpose of explaining why Hogans was in jail when Jackson made

contact with him. Counsel adequately explains that this issue does not represent a meritorious ground for reversal.

Counsel next addresses the court's decision to revoke Hogans's probation. In a revocation proceeding, the State need only establish one of the bases alleged in its petition to revoke, and the burden is by a preponderance of the evidence. *Bledsoe v. State*, 2014 Ark. App. 410. Our court reviews the circuit court's findings to determine if they are clearly against the preponderance of the evidence, leaving any credibility calls and determinations of the weight of evidence to the finder of fact. *Id*. As counsel explains, Hogans admitted to leaving the State without permission, and the circuit court found the probation officer's testimony more credible regarding Hogans's lack of reporting. Accordingly, the revocation does not present a meritorious ground for reversal.

Finally, counsel addresses the sentence imposed by the circuit court. Although Hogans requested reinstatement of probation, the circuit court may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2019). Residential burglary is a Class B felony, which is punishable by up to twenty years of imprisonment. Ark. Code Ann. §§ 5-39-201(a)(2) & 5-4-401(a)(3) (Repl. 2013). Accordingly, Hogans's sentence of four years' imprisonment and sixteen years' SIS does not present a meritorious ground for reversal.

From our review of the record and no-merit brief, we find compliance with Rule 4-3(k) and hold that an appeal would be wholly without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

4

Affirmed; motion to withdraw granted.

V<small>IRDEN</small> and W<small>HITEAKER</small>, JJ., agree.

*Kezhaya Law PLC*, by: *Matthew A. Kezhaya*, for appellant.

One brief only.