Cite as 2021 Ark. App. 346

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-20-543

| | |
|---|---|
| | **Opinion Delivered** September 22, 2021 |
| CALVIN KENTRA MARSHALL<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| V. | [NO. 18CR-16-703] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DAN RITCHEY, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## N. MARK KLAPPENBACH, Judge

Calvin Kentra Marshall appeals the order of the Crittenden County Circuit Court revoking his probation and sentencing him to twelve years' imprisonment and five years' suspended imposition of sentence (SIS). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Marshall's counsel has filed a no-merit brief and a motion to withdraw asserting that there is no issue of arguable merit to raise on appeal. We previously ordered rebriefing due to deficiencies in counsel's brief, but those matters have now been corrected. *See Marshall v. State*, 2021 Ark. App. 283. Marshall has filed pro se points for reversal, and the State has filed a response. We affirm the revocation of Marshall's probation and grant counsel's motion to withdraw.

In 2016, Marshall was convicted of first-degree battery, a Class B felony. He was sentenced to five years' probation and ordered to pay court costs, fines, and fees totaling $1020. The State filed a petition for revocation in November 2019 and an amended petition in June 2020. The petitions alleged that Marshall had failed to pay his fines, costs, and fees as directed; had failed to live a law-abiding life; and had been convicted of a subsequent offense.

At the June 2020 revocation hearing, the State introduced without objection an exhibit detailing Marshall's payment history for his financial obligations. The exhibit showed that Marshall had made five payments totaling $320 but now owed $1160. Also admitted into evidence was a certified copy of Marshall's April 2019 conviction for possession of a firearm by a felon in case number CR-2018-517. The State presented testimony from Rodney Hall and two detectives regarding an incident in November 2019 in which Marshall was arrested for shooting Hall. Marshall testified in his defense that he had made some payments on his financial obligations, and he denied having shot Hall.

The circuit court found that the State had proved by a preponderance of the evidence that Marshall had violated several terms and conditions of his probation. Specifically, the court found that Marshall had failed to pay his financial obligations as directed on a regular and timely basis despite indicating that he had been employed for the last five years; that Marshall had failed to live a law-abiding life as demonstrated by his subsequent conviction for being a felon in possession of a firearm; and that Hall had provided credible testimony that Marshall was involved in "some illegal activity" related to Hall's shooting. The court sentenced Marshall to twelve years' imprisonment and five years' SIS.

2

Rule 4–3(k)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and addendum shall contain all rulings adverse to the defendant made by the circuit court. Ark. Sup. Ct. R. 4-3(k)(1). In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Jefferson v. State*, 2014 Ark. App. 60.

Counsel first addresses the circuit court's decision to revoke Marshall's probation. In a revocation proceeding, the State need only establish one of the bases alleged in its petition to revoke, and the burden is by a preponderance of the evidence. *Bledsoe v. State*, 2014 Ark. App. 410. Our court reviews the circuit court's findings to determine if they are clearly against the preponderance of the evidence, leaving any credibility calls and determinations of the weight of evidence to the finder of fact. *Id.* Although counsel refers to the wrong standard of review for revocation proceedings, we agree with counsel that the revocation does not present a meritorious ground for reversal.

Counsel next addresses the sentence imposed by the circuit court. Although Marshall requested reinstatement of probation or a sentence of only five years' imprisonment, the circuit court may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2021). First-degree battery is a Class B felony, which is punishable by up to twenty years of imprisonment. Ark. Code Ann. §§ 5-13-201(c)(1) (Supp. 2021) &

3

5-4-401(a)(3) (Repl. 2013). Accordingly, Marshall's sentence of twelve years' imprisonment and five years' SIS does not present a meritorious ground for reversal. An additional adverse ruling occurred during sentencing when Marshall requested to "stay out until a bed is available." The circuit court denied the request and ordered that Marshall be taken into custody. Marshall's counsel contends that Marshall did not qualify to be released pending transfer to the Arkansas Division of Correction because his underlying battery conviction was not a nonviolent offense. *See* Ark. Code Ann. § 16-90-122 (Supp. 2021). We agree that an appeal of this ruling would be wholly without merit.

Marshall has filed pro se points challenging each of the circuit court's bases for revocation. As only one violation is sufficient for revocation, we address Marshall's conviction for possession of a firearm. Marshall argues that this conviction should not be grounds for revocation because the State did not seek to revoke his probation when the crime occurred. Marshall admitted in his testimony that he pleaded guilty to this charge. The certified copy of the conviction shows that the offense was committed on June 9, 2018, while Marshall was on probation in the case at bar. As the State notes, revocation based on this allegation was timely because a defendant's probation may be revoked at any time prior to the expiration of the period of probation. Ark. Code Ann. § 16-93-308(d). Marshall's conviction constitutes proof that he failed to comply with the conditions of his probation.

From our review of the record and the no-merit brief, we find compliance with Rule 4-3(k) and hold that an appeal would be wholly without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

4

Affirmed; motion to withdraw granted.

HARRISON, C.J., and BARRETT, J., agree.

*S. Butler Bernard, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.